[No. 11262.  Department One.—November 19, 1885.]

HERMAN HIRSCHFELD, PETITIONER, v. W. W. CROSS, JUDGE OF THE SUPERIOR COURT OF TULARE COUNTY, RESPONDENT.

ESTATE OF DECEASED PERSON—ACCOUNT—SETTLEMENT.— An administrator having presented his first annual account to the court, and pending its settlement, having filed a second account, the court, finding the first so defective that it could not properly be passed upon, ordered the administrator to file one account which should be full and complete up to the date of its rendition. *Held*, that the action of the court was proper.

APPLICATION for a writ of mandamus. The facts are stated in the opinion of the court.

*Wal. J. Tuska*, for Petitioner.

*Stetson & Houghton*, for Respondent.

ROSS, J.—This is an application for a writ of mandate to compel the respondent to enter an order settling an annual account of the petitioner as administrator of the estate of Allen E. Rose, deceased. It appears from the papers submitted that the petitioner was appointed administrator of the estate in question by the Superior Court of Kern County in the year 1880, and in the latter part of the following year filed his first account of his administration. This account was settled by the Superior Court, and from the order of settlement an appeal was taken to this court by the parties in interest, who were dissatisfied there-with. The appeal being heard, the order was reversed and the

cause remanded for further proceedings, which were had in the Superior Court and which resulted in another order of settlement, from which the contestants again appealed, and on the hearing of which appeal they were again successful, the order being reversed and cause remanded for further proceedings. After the cause went back the second time it was transferred by reason of the disqualification of the then superior judge of Kern County to the Superior Court of the county of Tulare, of which court the respondent herein is judge. And there the hearing of the account again came up, testimony was taken, and an opinion written and filed by the judge, reviewing the account, and directing an order to be drawn settling the account in accordance with the views expressed in the opinion. The judge's opinion was prepared without the benefit of the brief of the contestants, the latter having failed to reach him through some inadvertence, but subsequently, and before the making of the order settling the account, did do so, and in examining it the judge became satisfied that in some respects the opinion formed by him and expressed in writing was erroneous, and that the account as rendered was not sufficiently specific to enable the court properly to pass upon it. And as, pending the long and necessarily costly litigation over the first account, the administrator had filed a second one which had not been settled nor set down for settlement, and as by reason of errors in the first a further accounting was necessary, the court entered an order directing the administrator to present one account of his administration of the estate, which should be full and complete up to the time of its rendition. We think the court was right. If the first account was not sufficiently specific, the court clearly had the power to require the administrator to make it more specific. The Probate Court is the guardian of the estates of deceased persons and has control of the person appointed by it to administer the estate, subject to review as provided by law. It is its duty to require full and fair accounts on the part of administrators, and where the estate is so circumstanced as that one account will result in saving expense, and better and more clearly presenting the accounts of the representative of the estate, it is not only the right, but the duty of the court to require the one account. Of course upon its settlement, the administrator is entitled to a full hearing, and

if aggrieved by the settlement, has his appeal from the action of the Probate Court settling the account.

Writ denied and proceedings dismissed.

McKEE, J., and McKINSTRY, J., concurred.