[S. F. No. 891. Department Two.—August 10, 1898.]

In the Matter of the Estate of ALEXANDER MORE, Deceased. ELIZA M. MILLER et al., Appellants, v. JOHN F. MORE, Administrator, etc., Respondent.

ESTATES OF DECEASED PERSONS—JUDGMENT UPON CLAIM OF ADMINISTRATOR.— A judgment in favor of an administrator upon a claim presented by him and rejected by the judge, recovered in an action pursuant to section 1510 of the Code of Civil Procedure, has no greater force and effect than a judgment upon any other rejected claim. It merely establishes the claim in the same manner and to the same extent as if it had been allowed.

ID.—CONTEST OF JUDGMENT—PRIMA FACIE EVIDENCE—BURDEN OF PROOF.— A judgment upon a rejected claim is subject to be afterward contested by any person interested in the estate, as if it were an allowed claim. Upon a contest thereof, the judgment is admissible as *prima facie* evidence of the correctness of the claim; and the burden is on the party contesting to show the claim was not properly allowed.

ID.—CONTEST OF ADMINISTRATOR'S ACCOUNT—EXCEPTIONS—DUTY OF COURT.— In contesting an administrator's account, the contestant must file his exceptions thereto in writing, stating specifically the grounds of his objections, and at the hearing should be held limited to the exceptions so presented; but, whether exceptions are filed or not, the court should carefully examine the account, and reject all claims of the executor or administrator which are illegal or unjust, and should be satisfied of the correctness of the account before ordering it settled.

ID.—PAYMENT OF JUDGMENT—SPECIFICATIONS OF FRAUD—EVIDENCE.—Upon the contest of an item in an administrator's account showing the payment by the administrator of a judgment in his own favor against the estate, as to which specific charges were made of col-

lusion, fraud, and conspiracy in the obtaining of the judgment, the contestants are entitled to demand that the judge shall consider all proper evidence bearing upon the question of the disputed claim upon which the judgment was rendered; and the previous depositions and testimony of witnesses taken in the action and in other actions against the estate, which are relevant and material to the questions put in issue by the contestant, and which tend to show that one of the items of the account upon which the judgment was rendered had not been presented for allowance, and that the account should be largely reduced, are admissible in evidence, and it is error to exclude them.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the annual account of an administrator. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

J. B. Mhoon, and C. A. Storke, for Appellants.

Rodgers & Paterson, for Respondent.

THE COURT.—This is an appeal from so much of an order of the superior court of the city and county of San Francisco, dated June 1, 1896, as settled and allowed as correct an item of the administrator's second annual account setting forth the payment by the administrator, John F. More, to himself as an individual, of the sum of twenty-eight thousand four hundred and fourteen dollars and seventy-two cents. That item, represented by voucher No. 13, was the amount, with interest and costs, of a judgment of the superior court of the city and county of San Francisco rendered in an action entitled *John F. More, Plaintiff, v. Estale of Alexander P. More, Defendant.* The judgment-roll in that case is set out in the transcript here. By that judgment it was decided and adjudged that the said plaintiff have and recover of and from the said defendant estate the sum of twenty-six thousand and twenty-six dollars and thirty-three cents, with interest thereon from the sixth day of March, 1894, together with his costs and disbursements taxed at five hundred and twenty dollars and fifty cents, to be paid in due course of administration.

From the said judgment-roll it appears that John F. More, being the general administrator of the estate of Alexander P.

More, and claiming to be a creditor of the estate, presented his claim for allowance to the judge of the court in which the estate was being administered, as required by section 1510 of the Code of Civil Procedure. The judge rejected the claim, and thereupon the claimant brought his action against the said estate to establish his claim. The summons and complaint were served on the judge, who appointed Oliver P. Evans, an attorney of the court, at the expense of the estate, to defend the action. Evans answered the complaint, denying all of its principal averments, and the case was thereafter tried before the court without a jury, and findings of fact and conclusions of law were filed, upon which judgment was entered as above stated.

The amount of this judgment, with interest, having been paid by the administrator to himself as an individual, and having been included in his second annual account, the appellants here filed exceptions and amended exceptions thereto. In the original exceptions they contest the item, "on the ground that said judgment was procured by collusion between the said J. F. More, administrator, and one P. W. Watson, and that the said J. F. More did not defend said suit in good faith, but exerted himself to obtain said judgment against these contestants and the other heirs, contrary to his duty as administrator." And in the amendment to the exceptions they repeat the same objection, making the charges of fraud and conspiracy more specific.

At the hearing of the proceeding for the settlement of the said account the administrator introduced in evidence voucher No. 13, showing the payment to himself of the amount in question, and the judgment-roll in said case of *John F. More v. Estate of Alexander P. More, Deceased.*

The foregoing was all the evidence offered by the administrator to support the said item represented by voucher No. 13; and to the admission of the said judgment-roll the appellants objected upon the ground that the same was incompetent because appellants were not parties or privies thereto, and was irrelevant and immaterial and not binding on appellants here. The objection was overruled and an exception reserved.

The appellants then, to support their exceptions to the said item, offered in evidence: 1. The deposition of John F. More, taken in the case of *Watson v. Estate of A. P. More;*

2. The testimony of John F. More given in his suit of *John F. More v. Estate of A. P. More,* as reported in the transcript in that case; 3. The testimony of P. W. Watson, given upon the hearing of the petition by John F. More for letters of administration upon the estate of A. P. More, as shown by the transcript in that proceeding; and 4. The testimony of P. W. Watson, given in the said case of *More v. Estate of More,* as shown in the transcript of that case.

To each of these offers counsel for the administrator objected upon the ground that the offered evidence was irrelevant and immaterial, as it had no bearing upon the item of the account in question, and the objections were sustained and exceptions reserved. The evidence objected to and excluded is set out in the transcript in full.

1. There was clearly no error in admitting in evidence the said judgment-roll.

Section 1504 of the Code of Civil Procedure provides: "A judgment rendered against an executor or administrator, upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator and the judge; and the judgment must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due."

And section 1510 of the same code provides: "If the executor or administrator is a creditor of the decedent, his claim duly authenticated by affidavit must be presented for allowance or rejection to a judge of the superior court, and its allowance by the judge is sufficient evidence of its correctness, and must be paid as other claims in due course of administration. If, however, the judge reject the claim, action thereon may be had against the estate by the claimant, and summons must be served upon the judge, who may appoint an attorney, at the expense of the estate, to defend the action."

The action of *More v. Estate of More* was brought, and the judgment recovered, under the last-named section, but we do not consider that the judgment had any greater force or effect than would a judgment recovered under the section first named. It did, however, establish the claim in the same manner as if it

had been allowed by the judge, and was *prima facie* evidence of its correctness. The judgment was, however, subject to be afterward contested by any person interested in the estate, in the same manner and to the same extent as other allowed claims might be contested. But in all such cases the burden is upon the party contesting to show that the claim was not properly allowed. (*Estate of Loshe,* 62 Cal. 413; *Estate of Swain,* 67 Cal. 637.)

2. The Code of Civil Procedure contains also the following provisions:

"Sec. 1633. When any account is rendered for settlement, the court, or a judge thereof, must appoint a day for the settlement thereof," etc.

"Sec. 1635. On the day appointed, or any subsequent day to which the hearing may be postponed by the court, any person interested in the estate may appear and file his exceptions in writing to the account and contest the same."

"Sec. 1636. All matters, including allowed claims not passed upon on the settlement of any former account . . . . may be contested by the heirs for cause shown."

Under these provisions, if a person interested in an estate wishes to contest an account presented for settlement by the executor or administrator, he must file his exceptions in writing to the account, setting out specifically the grounds of his objections; and at the hearing he should be held limited to the exceptions so presented. But, whether exceptions are filed or not, the court should carefully examine every account presented for settlement and be satisfied that it is in every respect practically correct before entering an order settling it. "The probate court is the guardian of the estates of deceased persons, and has control of the person appointed by it to administer the estate, subject to review as provided by law." (*Hirschfield v. Cross,* 67 Cal. 661, 662.) And "it is the duty of the court carefully to scrutinize the account, and to reject all claims of the executor illegal in themselves or unjust in fact." (*In re Sanderson,* 74 Cal. 199.)

It is suggested by counsel for appellants that the court must have rejected the offered evidence upon the erroneous theory that the judgment in *More v. Estate of More* was an estoppel

against these contesting heirs. By respondent it is answered that there is nothing in the record to show upon what ground or for what reason the evidence was rejected. The only light thrown upon this point is derived from the grounds of objection, urged when the evidence was offered, that it was "irrelevant and immaterial, and had no bearing on any item in the account of the administrator." These grounds of objection are untenable. The evidence offered was certainly material, and directly relevant to the questions put in issue by the contestants. Whether it was of sufficient weight, if considered by the trial court, to have led to the making of an order other than that here presented, it is not within our province to say, but certainly the contestants were entitled to demand that the judge should consider all proper evidence bearing upon the question of the disputed claim before giving his determination against them. The claim, in amount over twenty-six thousand dollars, was made up of various small items. As to one of these items the rejected evidence tended to show that it was paid by the administrator without the presentation and allowance of any claim. Upon another proposition it was urged that the rejected evidence would disclose that by the testimony of the administrator himself his claim should have been reduced over sixteen thousand dollars. As we have said, it is not within our province to say how much weight the court should give to the rejected evidence, but it is plain that that evidence should have been before the court and under its consideration when it made the order complained of.

For this reason the order is reversed.

Hearing in Bank denied.