[L. A. No. 5439. In Bank.—June 14, 1920.]

## ALPHARETTA SAUNDERS, Respondent, v. DAN W. SIMMS, as Administrator, etc., Appellant.

[1] JUDGMENT—ENFORCEMENT AFTER FIVE YEARS—METHODS—SCOPE OF SECTION 685, CODE OF CIVIL PROCEDURE.—The relief granted by section 685 of the Code of Civil Procedure which provides that in all cases a judgment may be enforced or carried into execution after the lapse of five years is not limited to enforcement by execution, but includes such means as are provided by law for the enforcement of various classes of judgments.

[2] ID.—DEATH OF JUDGMENT DEBTOR—ENFORCEMENT OF JUDGMENT.— Where a judgment debtor has died and the statute of limitations has run against the judgment, the court may, under section 685 of the Code of Civil Procedure, grant the judgment creditor leave to enforce the judgment by the presentation of a claim against the estate and by the bringing an action thereon if the claim is rejected.

[3] ESTATES OF DECEASED PERSONS—ACTION ON CLAIM—LEGAL EFFECT. A suit to obtain judgment for payment of a claim in due course of administration is not an action to establish a new judgment liability, based upon the old, but as set forth in section 1504 of the Code of Civil Procedure only establishes the validity of the claim in the same manner as if it had been allowed by the administrator and approved by the court.

[4] ID.—CONSTRUCTION OF SECTION 685, OF CODE OF CIVIL PROCEDURE— LIMITATION UPON STATUTE OF LIMITATIONS.—Section 685 of the Code of Civil Procedure is a limitation upon the operation of the statute of limitations under section 336 of such code to the extent that it

1. Effect of bar of limitations against action to enforce judgment on right to issue execution thereon, note, 23 L. R. A. (N. S.) 1096.

places within the discretion of the courts the power to authorize the enforcement by the ordinary processes provided by law of a judgment otherwise barred by the statute.

[5] PARENT AND CHILD—DIVORCE—CUSTODY TO MOTHER—SUPPORT BY FATHER—VOID RELEASE BY MINOR—RIGHT OF MOTHER.—Where by a decree of divorce the custody of the minor child of the parties was awarded to the mother and the father required to pay to the mother a monthly sum for the support of the minor, the minor after becoming of age had no power to release the estate of the father from liability under the order, and the mother was entitled to reimbursement for support furnished from her own resources.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge. Affirmed.

The facts are stated in the opinion of the court.

Simms & Fulwider for Appellant.

H. V. Weisel and Williams & Rutan for Respondent.

SLOANE, J.—The respondent on this appeal obtained a judgment in her action for divorce against her husband, Albert S. Collins, awarding her the custody of their minor child, Lida Collins, and requiring the defendant to pay to plaintiff, respondent here, the sum of $15 per month for the support of the minor.

No payments were made under this judgment. Respondent furnished from her own resources the child's maintenance until she became of age. The accrued amounts due, owing, and unpaid at that time under the judgment aggregated the sum of one thousand two hundred dollars besides interest.

The judgment debtor, Albert S. Collins, died in the county of Orange on the 4th of August, 1916, some sixteen years after the entry of the judgment and about ten years after the last installment on the payments fell due.

On the 17th of May, 1917, the respondent here applied to the superior court, of San Bernardino County, where the original action was had, for leave to enforce the judgment under the provisions of section 685 of the Code of Civil Procedure.

5. Recovery by mother against father for money expended in support of children after divorce, note, 38 L. R. A. (N. S.) 509.

This section, in so far as pertinent to this case, is as follows:

"Sec. 685. Execution after five years. In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings."

The court in this instance made an order that the judgment "may be enforced and carried into effect," and found that with accrued interest the sum of $2,112 was owing and unpaid. The order further recited "that plaintiff is hereby given the right to enforce the same as provided by law against the estate of Albert S. Collins, deceased."

The judgment thus fortified and revived was thereupon presented as a claim against the estate of the deceased judgment debtor, and upon its rejection by the failure of the administrator to act thereon within ten days, suit was instituted by respondent against the administrator in the county of Orange, where the probate proceedings were pending, to have the judgment adjudged a valid claim against the estate, to be paid in due course of administration. Judgment was so made and entered in the superior court of Orange County, and it is from this judgment that the appeal is taken.

Appellant concedes the jurisdiction of the San Bernardino superior court to entertain the motion and to grant leave to enforce the judgment by execution after the period of the statute of limitations had run, but contends that no authority is given under section 685 to grant any further relief than could be obtained under an execution, and disputes the jurisdiction of the superior court of Orange County to give the judgment appealed from.

[1] We fail to understand upon what theory of construction appellant claims that the relief granted by section 685 in case of a money judgment, is limited to enforcement by execution. It is true the text of the section is introduced by the disconnected clause "execution after five years," but it is apparent from the context, which provides that "in all cases the judgment may be enforced or carried into execution after the lapse of five years," that the word "execution" is used in the broad sense of execution or carrying into effect by such means as are provided by law for the enforcement of various classes of judgments. Where a judgment debtor has died it is directed by section 1505 of the Code of Civil

Procedure that no execution shall issue on the judgment, but that it shall be presented to the executor or administrator like any other claim. Section 1498 of the Code of Civil Procedure provides that where a claim is rejected the holder may bring suit; and it is declared by section 1504, of the Code of Civil Procedure, that a judgment rendered against an executor or administrator "upon any claim for money against the estate," only establishes the claim in the same manner as if it had been allowed by the executor or administrator and a judge, and the judgment must be that the executor or administrator pay in due course of administration the amount ascertained to be due. This is the method for enforcing a judgment after the death of a judgment debtor substituted by law in place of enforcement by writ of execution. It is the same procedure that would have been required after the death of the judgment debtor if the statute of limitations had not run on the demand. **[2]** We see no reason why this sort of relief may not be granted under section 685, as well as that by issuance and levy of a writ of execution.

**[3]** The suit to obtain judgment for payment of a claim in due course of administration is not, as appellant seems to think, an action to establish a new judgment liability, based upon the old; but as set forth in section 1504 of the Code of Civil Procedure only establishes the validity of the claim in the same manner as if it had been allowed by the administrator and approved by the court. (*Hall* v. *Cayot*, 141 Cal. 13, [74 Pac. 299]; *Estate of More*, 121 Cal. 638, [54 Pac. 148].) And it is held that the allowance of a claim is not in any true sense a judgment. (*Morton* v. *Adams*, 124 Cal. 229, [71 Am. St. Rep. 53, 56 Pac. 1038].) There is nothing in *Doehla* v. *Phillips*, 151 Cal. 489, [91 Pac. 330] and other decisions cited by appellant, contrary to the view expressed. In the cases cited executions were issued because they happened to afford appropriate and adequate relief, but there is nothing to indicate that some other appropriate means for collecting the judgment could not be resorted to in a proper case.

**[4]** Section 685 is a limitation upon the operation of the statute of limitations under section 336 of the Code of Civil Procedure, to the extent that it places within the discretion of the courts the power to authorize the enforcement by the ordinary processes provided by law of a judgment otherwise

barred by the statute.  That is what was done in this instance.

As a further defense in this action the defendant introduced an agreement of settlement executed between Lida Collins, the daughter and the administrator of the father's estate, executed after she became of age, in which she attempted to release the estate from liability under this order for maintenance.  **[5]**  Appellant argues that the daughter was the real beneficiary of the maintenance fund, and the respondent, her mother, merely a trustee.  The original judgment of the court directed the payment of this money to the mother to assist her in the support of the child placed in her custody.  Having furnished such support from her own resources she is clearly entitled to recover it in this proceeding in her own name and for her own reimbursement, and the trial court properly disregarded  the attempted release by the daughter.

The judgment appealed from is affirmed.

Lennon, J., Wilbur, J., Shaw, J., Olney, J., Lawlor, J., and Angellotti, C. J., concurred.