[Civ. No. 3736.   Second Appellate District, Division One.—November 29, 1921.]

M. A. MURPHY, Plaintiff and Respondent, v. E. M. DAVIDS* et al., Defendants and Appellants; SAN BERNARDINO NATIONAL BANK, Intervener and Respondent.

[1] JUDGMENT—ENFORCEMENT AFTER FIVE YEARS—STATUTE OF LIMITATIONS.—A proceeding under section 685 of the Code of Civil Procedure providing for enforcement of a judgment after five years constitutes neither an "action" nor a "special proceeding of a civil nature" within the meaning of those terms, nor is it in the nature of either, but it is a mere subsequent step in an action or special proceeding already commenced, which is governed entirely, so far as the time within which the same may be taken is concerned, by the provisions of the statute specially relating thereto.

[2] ID.—OFFSET OF OUTLAWED JUDGMENT—NATURE OF PROCEEDING—SECTION 685, CODE OF CIVIL PROCEDURE, INAPPLICABLE.—A motion to offset outlawed judgments against plaintiff's judgment, after having execution issued on such judgments by leave of court, calls for an exercise of judicial power of the court where the motion is made, and not of the court from which the execution process issues, and is in effect an attempt to have it declared that the principal judgment against which offset is claimed has been satisfied, or to cause it to be satisfied, by means of the judgments sought to be offset, and is therefore not within the scope of such proceedings as are authorized by section 685 of the Code of Civil Procedure.

[3] ID.—OFFSETTING OF JUDGMENTS—INHERENT POWER OF COURTS.—The power to offset judgments exists independent of statute and rests upon the general jurisdiction of courts over their suitors and processes.

[4] SETOFF — NATURE OF — APPLICABILITY TO OUTLAWED JUDGMENT.—The plea of setoff is in character a cross-action, and rests upon a claim upon which an action could be maintained, and a defendant who acquires an outlawed judgment during the pendency of an action against him is not permitted to offset such judgment against the plaintiff's demand, and no reason exists why such a defendant is entitled to obtain, by motion after judgment, relief which he could not obtain before judgment by pleading the same matter as a cross-demand in the action.

3.  Setoff of judgments, one against the other, notes, 13 **Am. Dec.** 729; 109 **Am. St. Rep.** 137; 17 **Ann. Cas.** 967.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to offset judgments. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Abrahams, P. D. D'Orr and Paul W. Shenck for Appellants.

Byron Waters, Anderson & Anderson, Victor T. Watkins and Ralph E. Swing for Respondents.

CONREY, P. J.—This is an appeal by the defendants from an order denying their motion to offset, against the plaintiff's judgment herein, certain judgments now owned by the defendants against the plaintiff. The judgment in this action recovered by the plaintiff against the defendants in the sum of $15,000 was entered on the seventeenth day of November, 1916. Thereafter the plaintiff assigned this judgment one-fourth to Anderson & Anderson, one-third to the San Bernardino National Bank, and the balance to Elizabeth A. Murphy. This assignment was filed with the clerk of the superior court of Los Angeles County on November 29, 1916, and notation thereof was made in the register of actions in this case. On December 5th following notation of the assignment was made in the judgment-book, at the place of entry of the judgment. By subsequent assignment the interests of Anderson & Anderson and of Elizabeth A. Murphy passed to the San Bernardino National Bank. Notice that this judgment had been assigned and transferred to the San Bernardino National Bank was served on the defendant Davids on the twenty-first day of January, 1920, and on defendant Lindsay the next day thereafter. It is also claimed by the plaintiff and by the bank that the defendants, prior to May 14, 1917, had notice of the assignment of the judgment as made by Murphy, in this, that one Joseph Citron, an attorney of the defendants, was and became familiar with that assignment as shown through the aforesaid filing and notations thereof, and by reason of the further fact that he communicated this information to Paul W. Schenck, who also was an attorney of the defendants in this action. But the

55 Cal. App.—27

defendants, in reply to this claim of respondents, contended that Citron was not an attorney of the defendants and that he did not communicate to Schenck any information concerning said assignments.

The defendants appealed, from the judgment. The judg. ment having been affirmed by the supreme court, *remittitur* thereon was issued on January 19, 1920. On that day four judgments against the plaintiff Murphy, duly rendered and entered in the superior court of the city and county of San Francisco, were assigned and transferred to the defendants. Three of these judgments were entered in May, 1913, in favor of the Equitable Protection Company, plaintiff in those actions. The fourth judgment was en- tered October 23, 1914, in favor of the Western Pacific Railroad Company, plaintiff therein. The aggregate amount of these four judgments, exclusive of the interest thereon, was $11,466.55. At the time of the assignment of those judgments to the defendants, and at the time of the motion to offset those judgments against the judgment in this action, the said four judgments were wholly unpaid. On the twenty-first day of January, 1920, in each of said four actions in the superior court of the city and county of San Francisco, an order was made that execution issue "and that the plaintiff or its assign or assigns may pro- ceed to enforce said judgment in the manner provided by law." On the same day, and in accordance with said orders, executions issued in said several actions. There- after, upon notice duly given, defendants presented their motion in this action for an order offsetting, against the judgment herein, the said judgments held by them. Op- position to the motion was duly made by the plaintiff and by the San Bernardino National Bank, which was allowed to intervene for that purpose. By order made August 14, 1920, the motion was denied.

The plaintiff and the bank set up in opposition to the motion that each of the said four judgments was barred by the provisions of subdivision 1 of section 336, of subdivision 1 of section 337, of subdivision 1 of section 338, of sub- division 1 of section 339, and by the provisions of section 343, all of the Code of Civil Procedure; that each and all of the claims based upon or arising out of said judgments and each of them, and any and all right to offset the same,

or either or any of them, was barred by the provisions of said sections of the Code of Civil Procedure. The principal question of law raised by the record and discussed by counsel herein may be stated as follows: When a judgment in this state was rendered more than five years prior to the date of the motion for an order of the court in which such judgment was rendered, directing that execution issue thereon, and such order has been made, is such judgment the subject of offset against a judgment rendered within the five-year period? Maintaining that this question should be answered in the affirmative, appellants rely upon section 685 of the Code of Civil Procedure, which provides that "In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings; . . ." Appellants contend that the foregoing section, by force of its provisions, keeps alive all judgments to such extent as to make them enforceable in every way except by new suit based thereon; that all that was lost by lapse of the five-year period of time was the right to enforce said judgments without an empowering order from the court. They contend that therefore the right of setoff survived. In this connection they point to the fact that the court in San Francisco not only directed that the executions issue, but further ordered, in each case, that the plaintiff or its assigns "may proceed to enforce said judgment in the manner provided by law." From this they insist that it logically follows that the right to offset exists because that is a manner of enforcement provided by law. Respondents, on the other hand, contend that section 685 merely provides a means of enforcing a judgment for the purposes of execution in the action itself; that it does not create or authorize any new action or proceeding by which a new or independent judgment can be procured; that it does not affect the running of the statute of limitations against any action or proceeding to revive it or give it a new or different effect; that it relates to or is confined to execution exclusively. They contend further that a motion to set off is a new and independent proceeding in another action than that in which the judgment sought to be set off was rendered, and is not merely in the nature of proceedings

under an execution. From these premises they argue that any such action or motion is barred by the statute of limitations if not commenced within the period of limitation. The limitation particularly in point is the five-year limitation prescribed by subdivision 1 of section 336 of the Code of Civil Procedure, for the commencement of an action upon a judgment.

The proposition is not questioned that a judgment debtor has the right to acquire an existing judgment against his judgment creditor and to present it by motion in reduction or extinguishment of the judgment debt owed by him. The contention of respondents is that this right cannot be enforced in favor of the owner of an outlawed judgment debt.

It must be conceded that without the aid of the procedure authorized by section 685 of the Code of Civil Procedure, the judgments acquired by appellants herein could not be enforced against the judgment debtor. No execution could have been issued. An action on them could not have been successfully maintained. [1] A procedure under section 685 constitutes neither an "action" nor a "special proceeding of a civil nature" within the meaning of those terms, nor is it in the nature of either. "It is a mere subsequent step in an action or special proceeding already commenced, which is governed entirely, so far as the time within which the same may be taken is concerned, by the provisions of the statute specially relating thereto." (*Doehla* v. *Phillips,* 151 Cal. 488, 493 [91 Pac. 330].)

The answer which must be made to the concrete problem here presented depends upon the nature of the proceeding to offset a judgment. If that is an independent proceeding, extraneous to any exercise of power of the court which rendered the judgment sought to be enforced and out of which the process for enforcement has issued, then the motion to offset is not within the scope of such proceedings as are authorized by section 685 of the Code of Civil Procedure. [2] We are of the opinion that a motion of this kind calls for an exercise of judicial power of the court where the motion is made, and not of the court from which the execution process issued. In effect it is an attempt to have it declared that the principal judgment (against which offset is claimed) has been satisfied, or to

cause it to be satisfied, by means of the judgment sought to be offset. As illustrated in this case, it is an attempt to pay and satisfy a judgment by offsetting against it an outlawed judgment debt.

[3] Where such equitable relief is necessary an action may be maintained to compel a setoff of mutual demands. This right exists, even though one of the opposing demands has not been reduced to judgment. (*Machado* v. *Borges,* 170 Cal. 501 [150 Pac. 351].) And, of course, the same kind of action would lie where both demands have been reduced to judgment. As to such judgments, the distinction between the powers of courts of equity and courts of law has ceased to be important. In every case the suitor has the right to ask for the setoff, and in every proper case as of right the motion should be granted. This is a power which exists independent of statute, and rests upon the general jurisdiction of courts over their suitors and processes. (*Haskins* v. *Jordan,* 123 Cal. 157, 160 [55 Pac. 786].) But the fact that this power may be invoked by motion, instead of by a separate action, does not change the nature of the proceeding, which in any event is one whereby the judgment debtor seeks to have the judgment against him satisfied by crediting to him an outstanding debt owned by him, against his judgment creditor.

Counsel for appellants have referred to *Saunders* v. *Simms,* 183 Cal. 167 [190 Pac. 806], as supporting their contention that their motion to set off judgments is not a special proceeding in the nature of an action, and that it comes within the scope of the proceedings allowed by section 685 of the Code of Civil Procedure. In that case Mrs. Saunders was the owner of a judgment against Albert S. Collins, of whose estate Simms was administrator. At the time of the death of Collins more than five years had expired since the entry of the judgment. The plaintiff obtained from the superior court of San Bernardino County, where that judgment had been entered, an order granting permission to enforce the judgment "as provided by law against the estate of Albert S. Collins, deceased." A claim on the judgment was thereupon presented to the administrator. This claim having been rejected by the administrator, Mrs. Saunders instituted an action in the superior court of the county of Orange, where the probate proceedings

were pending, to have the judgment adjudged to be a valid claim against the estate, to be paid in due course of administration. Judgment having been so made and entered, the administrator appealed, and this judgment was affirmed. In its decision the supreme court took into consideration the proceedings authorized by law for the collection of claims against estates. Section 1505 of the Code of Civil Procedure directs that where a judgment debtor has died, no execution shall issue on the judgment, but that it shall be presented to the executor or administrator like any other claim. Section 1498 provides that where a claim is rejected the holder may bring suit. Section 1504 declares that a judgment rendered against an executor or administrator upon any claim for money against the estate only establishes the claim in the same manner as if it had been allowed by the executor or administrator and the judge, and the judgment must be that the executor or administrator pay in due course of administration the amount ascertained to be due. "This is the method for enforcing a judgment after the death of a judgment debtor substituted by law in place of enforcement by writ of execution. It is the same procedure that would have been required after the death of the judgment debtor if the statute of limitations had not run on the demand. We see no reason why this sort of relief may not be granted under section 685, as well as that by issuance and levy of a writ of execution." In answer to the contention that the action and judgment there in question were not authorized by the provisions of section 685, the court held that the word "execution," as contained in that section, is used in the broad sense of execution or carrying into effect by such means as are provided by law for the enforcement of various classes of judgments. "The suit to obtain judgment for payment of a claim in due course of administration is not, as appellant seems to think, an action to establish a new judgment liability, based upon the old, but, as set forth in section 1504 of the Code of Civil Procedure, only establishes the validity of the claim in the same manner as if it had been allowed by the administrator and approved by the court. (*Hall* v. *Cayot*, 141 Cal. 13 [74 Pac. 299]; *Estate of More*, 121 Cal. 638 [54 Pac. 148].) And it is held that the allowance of a claim is not in any true sense

a judgment. (*Morton* v. *Adams,* 124 Cal. 229 [71 Am. St. Rep. 53, 56 Pac. 1038].) There is nothing in *Doehla* v. *Phillips,* 151 Cal. 489 [91 Pac. 330], and other decisions cited by appellant, contrary to the view expressed. In the cases cited executions were issued because they happened to afford appropriate and adequate relief, but there is nothing to indicate that some other appropriate means for collecting the judgment could not be resorted to in a proper case. Section 685 is a limitation upon the operation of the statute of limitations under section 336 of the Code of Civil Procedure to the extent 'that it places within the discretion of the courts the power to authorize the enforcement by the ordinary processes provided by law of a judgment otherwise barred by the statute. That is what was done in this instance." (*Saunders* v. *Simms,* 183 Cal. 167 [190 Pac. 806].)

It may be conceded that some of the language used in *Saunders* v. *Simms,* if received without limitation to the facts of that case, and without respect to the controlling code provisions relating to the enforcement of claims against estates, would tend to support the argument of appellants here; but undoubtedly the views there expressed had regard particularly to the fact that an action to enforce a judgment by establishing a claim thereon against a decedent's estate is merely the statutory method "substituted by law in place of enforcement by writ of execution." Viewed in that light, and considered as merely the allowance of a claim and "not in any true sense a judgment," the so-called judgment was affirmed as constituting a valid method of enforcing the judgment and within the scope of the authority conferred by section 685. Nevertheless, we think that section 685 was never intended to serve any purpose other than as an aid to the enforcement of a judgment coming within its provisions by some procedure having its authorized source in the court which rendered the judgment. The power conferred by the section must be exercised either by means of an execution or "by judgment for that purpose founded upon supplemental pleadings." The case illustrated by *Saunders* v. *Simms* is an exception authorized by statute as a substitute for the execution authorized by section 685. The general rule remains unchanged that an action may not be maintained as against

the plea of the statute of limitations upon a judgment against which that statute has run. Neither can a proceeding be maintained which has substantially the nature and effect of an action to obtain such judgment. **[4]** The plea of setoff is in character a cross-action. It must rest upon a claim upon which an action could be maintained. A defendant who acquires an outlawed judgment during the pendency of an action against him would not be permitted to offset that judgment against the plaintiff's demand. This would be so because the allowance of such plea would in effect permit recovery upon a barred claim. We perceive no reason why such a defendant is entitled to obtain, by motion after judgment, relief which he could not obtain before judgment by pleading the same matter as a cross-demand in the action. Therefore, we conclude that the order denying the motion of appellants herein should be sustained.

The views heretofore expressed render it unnecessary to make any statement of the evidence bearing upon the contention of respondents that Joseph Citron was an attorney of appellants in this action and that through knowledge obtained by Citron in the course of his services rendered on their behalf in this case appellants had notice of the assignment by Murphy of the judgment in this action, and that for that reason any rights which they may have against the plaintiff are subject to the rights of the San Bernardino National Bank as owner of the judgment in this action.

The order is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 26, 1922.

All the Justices concurred.