[Civ. No. 4494.  First Appellate District, Division Two.—May 1, 1923.]

M. A. MURPHY, Plaintiff and Respondent, v. E. M. DAVIDS et al., Defendants and Appellants; SAN BERNARDINO NATIONAL BANK (a Corporation), Intervener and Respondent; O. F. BRANT et al., Sureties-Appellants.

[1] JUDGMENTS—OFFSET—OWNERSHIP—EFFECT OF EX PARTE ORDERS. Where the judgment debtors in an action instituted in Los Angeles County acquire, by assignment, a judgment against their judgment creditor in an action instituted in the city and county of San Francisco, and the superior court of the latter county, by an *ex parte* order, directs that the property of the judgment debtor in the local

action, to wit, the judgment in his favor in Los Angeles County, be applied to the payment of the local judgment "and that the amount so applied be and the same hereby is credited upon said judgment" rendered in his favor in Los Angeles County, that order is not conclusive upon the assignees of the judgment rendered in Los Angeles County, but merely affects the interest in said judgment remaining in their assignor.

[2] ID.—OWNERSHIP—APPEAL—PRESUMPTION.—Said judgment debtors, relying upon such *ex parte* order, having applied to the superior court of Los Angeles County for an order compelling the entry of satisfaction of the judgment entered against them by that court, and the assignees of that judgment having intervened and set up their title thereto, and said court having denied the motion of the judgment debtors, it must be assumed on appeal from the order denying the motion that said court found the facts alleged by the interveners to be true and that the judgment creditor had no interest in said judgment which could be applied in satisfaction of the judgment against him in the city and county of San Francisco.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to compel entry of satisfaction of judgment. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Abrahams, Paul Barksdale D'Orr and Abrahams, Moore & D'Orr for Appellants.

Byron Waters, Anderson & Anderson, Victor T. Watkins and Ralph E. Swing for Respondents.

NOURSE, J.—This is an appeal from an order denying a motion to compel the entry of satisfaction of judgment.

Briefly, the facts of the case are that on November 17, 1916, plaintiff Murphy obtained a judgment against the defendants Davids and Lindsay in the sum of $15,000 for malicious prosecution. An appeal from said judgment was noticed on the twenty-fourth day of November, 1916, and the judgment was affirmed by the supreme court on December 17, 1919 (181 Cal. 706 [186 Pac. 143]). Immediately following the notice of appeal and on the 27th of November, 1916, the plaintiff Murphy assigned the whole of said judgment as follows: An undivided one-fourth to

his attorneys, Anderson & Anderson; an undivided one-third to the San Bernardino National Bank, and the remainder to his wife. Though notice of this assignment was not personally served upon the defendants, the assignment was filed with the county clerk and placed among the papers in the case. On the 19th of January, 1920, at the time when the *remittitur* in the original case was issued, the defendants Lindsay and Davids took from the owners thereof assignments of four several judgments rendered in the superior court in San Francisco County against Murphy, the plaintiff in this action. These judgments then aggregated, with interest, something over $16,000. On the twenty-first day of January, 1920, following, the defendants herein were personally served with notice that the entire judgment in the original case had been assigned by the plaintiff Murphy to the San Bernardino National Bank, the intervener herein. On the thirty-first day of January, 1920, defendants herein gave notice of a motion to offset the four San Francisco judgments against the judgment in this action. This motion was duly heard before the superior court in Los Angeles County and was denied on the 14th of August, 1920. An appeal from the order denying said motion was taken by the defendants herein to the district court of appeal, second appellate district, and on November 29, 1921, said order was by that court affirmed (55 Cal. App. 416 [203 Pac. 802]). A petition for a transfer of said cause to the supreme court was in due time denied and the *remittitur* upon said appeal was handed down and filed in this case on February 1, 1922. Immediately thereafter, and on the sixth day of February, 1922, these defendants appeared before the superior court in San Francisco County upon an *ex parte* motion in each of the four San Francisco actions in which they held the assigned judgments "for an order of this court to apply certain property of the judgment debtor, M. A. Murphy, herein to the satisfaction of the judgment herein." Thereupon the superior court of San Francisco County made its order in each of these four actions ordering "that the said property of the said M. A. Murphy, to wit, said judgment rendered in the superior court of Los Angeles County" be applied to the payment of the judgment in said action "and that the amount so applied be and the same hereby is credited upon said judg-

ment in favor of said M. A. Murphy." The amount of the Los Angeles judgment against the defendants Davids and Lindsay at that time had accrued, with the interest, to something over $20,000. The difference between the sums allowed in satisfaction of the San Francisco judgments was by these defendants paid to the county clerk of Los Angeles County, with instructions to apply the same upon the Los Angeles judgment and enter satisfaction in full. This having been refused, the defendants noticed their motion in this case for an order compelling the entry of satisfaction of the judgment herein. The motion was denied and this appeal is prosecuted from the order denying the same.

[1] In support of their appeal these appellants argue that the San Francisco orders crediting the portion of the Los Angeles judgment in payment of the San Francisco judgments are final and conclusive orders in each of the four San Francisco cases and are not subject to attack in a collateral way in this proceeding pending in Los Angeles County. But it is to be noted that in each of the four orders made by the San Francisco court the property of the judgment debtor M. A. Murphy was alone involved. The notice of motion specifically called for an order to apply the property of that judgment debtor, and the order related solely to the application of his property. In none of the San Francisco cases did that court endeavor to determine the question of Murphy's ownership of any property, and, of course, the San Francisco court did not attempt to determine any existing rights in the Los Angeles judgment. Naturally, this could not have been done without first giving to the claimants thereof their day in court. The effect of the orders of the San Francisco court is, therefore, that whatever property the judgment debtor M. A. Murphy had in the Los Angeles judgment, and that property alone, was to be applied in satisfaction of the four several judgments in the San Francisco actions.

[2] When, therefore, these four orders were presented to the Los Angeles court on the motion which is now before us, one of the questions presented to that court was, What property did M. A. Murphy have in the Los Angeles judgment which was to be applied in satisfaction of the San Francisco judgments? This issue was squarely joined by the answer of the intervener, San Bernardino National

Bank, and, in support of the order of the superior court denying the motion, it must be assumed that the court found the facts alleged by the intervener to be true and that Murphy had no interest in said judgment which could be applied in satisfaction of the San Francisco judgments. But, irrespective of any hearing on this motion, the precise question was finally determined by the same court in its order of August 14, 1920, when it denied the motion to offset the San Francisco judgments against the judgment in this case.

Order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 28, 1923.