[Civ. No. 9092. First Appellate District, Division One.—July 31, 1933.]

FRANK FAIAS, as Guardian, etc., Petitioner, v. SUPE-RIOR COURT OF ALAMEDA COUNTY, Respondent.

Edward J. Silver for Petitioner.

Robert P. Cahen for Respondent.

THE COURT.—*Certiorari* to review certain orders made by respondent superior court.

Francisco Gomes De Sousa, who died on July 25, 1932, was during his lifetime married to Josephine Sousa. At the time of the marriage decedent had one daughter, Christina, an incompetent, of whose person and estate petitioner since August 12, 1932, has been and now is the duly appointed and qualified guardian. In 1913 said Josephine Sousa obtained an interlocutory decree of divorce from decedent, which provided for the payment by the latter of the sum of $25 each month for the support of the two minor children of the marriage, namely, Manuel and Madeline, who were aged three and four years, respectively. The same order was continued in the final decree. Decedent died testate, and said Madeline De Sousa was duly appointed and qualified as the administratrix with the will annexed of his estate. Said Josephine Sousa filed a claim against the estate, alleging that sums aggregating $4,700 with interest remained unpaid on said judgment. The administratrix took no action thereon; and after the lapse of thirty days the claimant filed in respondent court in the matter of decedent's estate her affidavit, setting forth the above facts, and, based thereon, the court entered its order, granting leave to enforce the judgment against the estate "as provided by law". The court also made therein a finding of the amount unpaid. Following this the claimant commenced suit on the claim in the Superior Court of Alameda County.

On February 23, 1933, the administratrix filed in the matter of the estate her petition, praying the order of the court permitting her to compromise said claim for the sum of $3,000. The petition was set down for hearing on March 1, 1933. Petitioner herein as guardian of the incompetent filed objections to the making of the order prayed for on the ground that the claim was barred by the statute of limitations. Following a hearing the court made its order as prayed for.

Petitioner contends that respondent court sitting in probate was without jurisdiction to make the order permitting the claimant to enforce the judgment; further, that there was a want of jurisdiction to make the second order mentioned.

The last order was in effect no more than an approval of the claim for the reduced amount as agreed upon by the claimant and the administratrix. As stated, the claim was presented to the administratrix, who took no action thereon, and the court had not previously passed upon its validity. There is nothing in the law which forbids further consideration by the estate's representative of a valid claim, or its subsequent allowance by the representative and the court, if the right to recover thereon be not barred by statute (11 Cal. Jur., Executors and Administrators, sec. 379, p. 661).

Respondents urge that a compromise in cases of this character is authorized by section 578 of the Probate Code. In view of the foregoing, however, the question whether that section applies to claims against an estate need not be considered.

Section 711 of the Probate Code provides that the fact of the approval or rejection of a claim must be indorsed thereon. However, such an indorsement is but a manifestation of intention, and does not go to the essence of the thing done. (See sec. 712, Probate Code.) This provision, in our opinion, was adopted with a view to convenience rather than substance; and any act in writing by the estate's representative or by the judge sufficiently indicating an intention to reject or approve should, in so far as concerns the estate, be held to have the same effect as an indorsement upon the claim.

The statute provides that no claim which is barred by the statute shall be allowed or approved (Probate Code,

sec. 708); but it is not contended here that the whole claim was barred, as a portion at least had accrued within five years immediately preceding decedent's death; and when the superior court sitting in matters of probate has jurisdiction of the subject matter of a case it has the power to hear and determine in the mode provided by law all questions of law and fact the determination of which is ancillary to a proper judgment (*Burris* v. *Kennedy*, 108 Cal. 331 [41 Pac. 458]); and although the allowance of a claim may be erroneous (*Estate of Aldersley*, 174 Cal. 366 [163 Pac. 206]), the question is one which the court is empowered to decide, and its jurisdiction is not limited to the rendition of a correct decision (*Kohn* v. *Rupley*, 54 Cal. App. 565 [202 Pac. 163]).

It has been held that the allowance of a claim is not equivalent to a final judgment (*Haub* v. *Leggett*, 160 Cal. 491 [117 Pac. 556]), and is not conclusive upon an heir (11 Cal. Jur., Executors and Administrators, sec. 448, p. 755). Section 713 of the Probate Code provides that any person interested in an estate may contest the allowance of any claim not passed upon in the settlement of any former account. Moreover, an order directing payment is appealable (12 Cal. Jur., Executors and Administrators, sec. 886, p. 106); or, if the one in question be considered as equivalent to such an order, an appeal therefrom lies under section 1240 of the Probate Code. However, the question of the right to appeal from the order last considered, or whether the heirs on whose behalf petitioner asks relief here, would, in view of the facts stated, be bound by the order, is not material, as *certiorari* is not available to correct errors in the exercise of the jurisdiction of a judicial tribunal (4 Cal. Jur., Certiorari, sec. 14, p. 1036), but only where it has exceeded its jurisdiction (Code Civ. Proc., sec. 1068), which, as respects this order, was not the case.

The first order, however, presents a different question. There the claimant sought relief under section 685 of the Code of Civil Procedure, which provides that "in all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry by leave of the court upon motion, or by judgment for that purpose founded upon supplementary pleadings . . . " Under this section mere lapse of time after the entry of a

judgment does not deprive the trial court of the power to order the issuance of an execution (*Welk* v. *Conner*, 102 Cal. App. 286 [282 Pac. 963]); and when the judgment debtor has died and the statute of limitations has run against the judgment, the court may under this section grant the judgment creditor leave to enforce the judgment by the presentation of a claim against the estate and by the bringing of an action thereon if the claim is rejected (*Saunders* v. *Simms*, 183 Cal. 167 [190 Pac. 806]). However, it has been held that the procedure contemplated by the section is a subsequent step in the action already commenced and not a separate proceeding (*Doehla* v. *Phillips*, 151 Cal. 488 [91 Pac. 330]; *Murphy* v. *Davids*, 55 Cal. App. 416 [203 Pac. 802]). The question whether an execution shall issue not being one which can be determined in a separate proceeding, it is clear, we think, that respondent court sitting in probate was without jurisdiction to grant relief under the section. Whether a dormant judgment shall be enforced is a matter within the sound discretion of the trial court (11 Cal. Jur., Executions, sec. 12, p. 51), which may—as was done in *Saunders* v. *Simms*, *supra*—grant the judgment creditor leave to present a claim against the estate of a deceased debtor, and, in case of its rejection, to bring an action to establish its validity. The probate jurisdiction of the superior court is separate and distinct from its jurisdiction in ordinary civil matters; and while engaged in the consideration of a case belonging to one of those classes of cases it cannot in the same matter hear and determine what is essentially a case of another class (7 Cal. Jur., Courts, sec. 81, p. 698).

 While it is our conclusion that the order was in excess of the court's probate jurisdiction, such an order, if made without notice—as appears to have been the case here—may be vacated on motion; and being an order which affects the judgment by way of enforcing it (*Lake* v. *Harris*, 198 Cal. 85 [243 Pac. 417]), is appealable as an order made after judgment (*Harrier* v. *Bassford*, 145 Cal. 529 [78 Pac. 1038]; *Doehla* v. *Phillips*, *supra*; *Creditors' Adjustment Co.* v. *Newman*, 185 Cal. 509 [197 Pac. 334]); and this is true although the order was void, it being otherwise appealable (*Merced Bank* v. *Rosenthal*, 99 Cal. 39 [31 Pac. 849, 33 Pac. 732]; *Stearns Ranchos Co.* v. *McDowell*, 134 Cal. 562

[66 Pac. 724]; *Ewing* v. *Richvale Land Co.*, 176 Cal. 152 [167 Pac. 876]; *Bacigalupi* v. *Bacigalupi*, 72 Cal. App. 654 [238 Pac. 93]).

As urged by petitioner, the representative of an estate must as a general rule seek a review of a judgment against the estate in a personal action (Bancroft, Code Practice and Remedies, sec. 6371); nevertheless, where it appears that the representative refuses to prosecute an appeal an heir may do so (*Holland* v. *McCarthy*, 177 Cal. 507 [171 Pac. 421]). Here it was apparent from the conduct of the administratrix that she did not intend to move to vacate the order or appeal therefrom, and no action was taken by the petitioner or the heir. Moreover, it has been held that the writ of *certiorari* to review any judgment or order of the superior court can only be granted to parties to the record and not to strangers. The petitioner and his ward stand here in the latter position. However, such persons can make themselves parties to the record by a motion to set aside an order complained of; and if an order denying the motion be appealable they may have the proceeding reviewed on appeal not only for excess of jurisdiction, but for error (*Elliott* v. *Superior Court*, 144 Cal. 501 [77 Pac. 1109, 103 Am. St. Rep. 102]; *Howe* v. *Superior Court*, 96 Cal. App. 769 [274 Pac. 992]; *Tingley* v. *Superior Court*, 8 Cal. App. 47 [96 Pac. 20]; 4 Cal. Jur., Certiorari, sec. 51, p. 1087). Where the remedy by appeal exists *certiorari* will not lie (Code Civ. Proc., sec. 1068), and the fact that the right may have been lost by lapse of time does not change the rule except in unusual cases, such as a want of notice—which is not alleged to have been the fact here (4 Cal. Jur., Certiorari, sec. 27, p. 1055). In view of the foregoing, we are satisfied that as to this order the writ should be discharged.

It is accordingly ordered that the writ be discharged as to the order purporting to grant relief under section 685 of the Code of Civil Procedure; and it appearing that the order approving the claim in question was not in excess of the jurisdiction of respondent court the same is affirmed.