[Civ. No. 9660. First Appellate District. Division One.—May 13, 1935.]

PALACE HOTEL COMPANY (a Corporation), Respondent, v. ARTHUR P. CRIST, as Administrator, etc., Appellant.

I. I. Brown and L. Seidenberg for Appellant.

Charles N. Douglas for Respondent.

BURROUGHS, J., *pro tem.*—On January 5, 1912, a judgment was entered in action No. 38324 of the Superior Court of the City and County of San Francisco, wherein the above-named Palace Hotel Company, a corporation, was the plaintiff, and George J. Dempsey, J. H. Tuttle and Wiley F. Crist were the defendants. Said judgment was entered in favor of the plaintiff and against the defendant, Wiley F. Crist, in the sum of $2,126.14, together with legal interest thereon from date until paid. On March 1, 1912, a judgment was entered against the two other defendants in the sum of $850 and $12.05 costs. This latter judgment was based upon a stipulation, dated February 16, 1912, between the attorney for plaintiff therein and the attorney for the two defendants last referred to. Said stipulation is as follows: "It is hereby stipulated by the parties hereto that the above-named plaintiff, Palace Hotel Company, a corporation, may take judgment against the above-named defendants, George J. Dempsey and J. H. Tuttle in the sum of eight hundred fifty ($850.00) and no/100 dollars and costs, plaintiff hereby expressly waiving all claims to any other sum or other relief prayed for in his amended complaint on file herein." No sum was ever paid on the judgment against Wiley F. Crist and it does not appear, nor is it material, whether the judgment against the two other defendants was ever paid. Wiley F. Crist died June 21, 1931,

and Arthur P. Crist was duly appointed the administrator of his estate on November 25, 1931, and ever since said date he has been and now is the duly qualified and acting administrator thereof.

On May 21, 1932, the plaintiff applied to the court for an order under the provisions of section 685 of the Code of Civil Procedure to enforce and carry into execution the judgment rendered against Wiley F. Crist on January 5, 1912, which order was granted on the day it was applied for. On May 23, 1932, a claim against the Wiley F. Crist estate, based upon said judgment, was made by plaintiff and filed in the office of the county clerk where the proceedings in the matter of said estate were pending. Said claim not having been acted upon by the administrator, the claimant elected to treat the same as rejected and commenced this action thereon on the fourth day of February, 1933. After trial, judgment was entered in favor of the plaintiff in the sum of $5,437.60, with interest at the legal rate and costs of suit. In due time the defendant appealed from the judgment.

It is contended by appellant that the complaint does not state facts sufficient to constitute a cause of action because barred by section 336 of the Code of Civil Procedure and section 708 of the Probate Code. If these two sections were the only ones bearing upon the question, counsel would be right, for section 336, *supra,* provides that an action upon a judgment must be commenced within five years from the date of the judgment, and section 708 of the Probate Code forbids the allowance of a barred claim against an estate of a decedent by an executor or administrator or a judge. However, section 685 of the Code of Civil Procedure provides that in all cases a judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose founded upon supplemental pleadings. The last-mentioned section has been construed in *Saunders* v. *Simms,* 183 Cal. 167 [190 Pac. 806], which is practically on all-fours with the case at bar and it is there said: "Section 685 is a limitation upon the operation of the statute of limitations under section 336 of the Code of Civil Procedure, to the extent that it places within the discretion of the courts the power to authorize the enforcement by the ordinary processes provided by law of a judgment otherwise barred by the statute. That is what was done in this instance."

In *Faias* v. *Superior Court,* 133 Cal. App. 525, 530 [24 Pac. (2d) 567], construing the effect of *Saunders* v. *Simms, supra,* the court used the following language: " . . . and when the judgment debtor has died and the statute of limitations has run against the judgment, the court may under this section grant the judgment creditor leave to enforce the judgment by the presentation of a claim against the estate and by the bringing of an action thereon if the claim is rejected". Under the facts and the law as above cited we are satisfied the complaint herein states a cause of action and is not barred by the statute of limitations above cited.

█ It is also claimed by appellant that the judgment appealed from violated section 732 of the Probate Code, which prohibits the issuance of an execution, after the rendition of a judgment against a testator or intestate after his death, except as provided in the Code of Civil Procedure, and provides further that "A judgment against the decedent for the recovery of money must be filed or presented in the same manner as other claims." But no execution was issued on the judgment. The procedure followed was the presentation of a claim against the estate of decedent to be paid in due course of administration in conformity with the method approved in *Saunders* v. *Simms, supra.* This point is not well taken.

█ It is next contended that the cause of action is barred by section 353 of the Code of Civil Procedure. It appears from the evidence that the defendant's intestate died June 21, 1931; that the appellant was appointed administrator of the estate of said deceased November 25, 1931; that the claim against the estate which is the subject of this controversy was duly presented on May 23, 1932; that the administrator failing to allow or reject the claim, the claimant elected to treat said failure as a rejection thereof and commenced this action on February 4, 1933, to recover the amount due. It is thus disclosed that one year, two months and ten days elapsed between the time of the appointment of the administrator and the commencement of this action. The portion of section 353 of the Code of Civil Procedure relied upon by appellant reads: "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." We think a mere state-

ment of the foregoing proposition necessarily shows that section 353, *supra*, has no bearing upon the case. The cause of action here sued upon did not accrue until after the death of the defendant's intestate by the failure of the defendant to act upon the claim.

■ It is another claim that in the original action, the stipulated judgment entered in March, 1912, against Dempsey and Tuttle, waived the earlier judgment against Crist. We can see no connection between the two judgments. At the time of the making of the stipulation between counsel for plaintiff and counsel for defendants Dempsey and Tuttle, the judgment against Crist had already been entered and there is no reference to it in the stipulation. The language used, "plaintiff hereby expressly waiving all claims to any other sum or other relief prayed for in his amended complaint on file herein", we think alluded to any other claims between the parties to the stipulation, but waiving speculation as to what was intended by the language, the judgment against Crist became final long years ago and even if not entered in accordance with the stipulation is binding on the parties. (*Semple* v. *Wright*, 32 Cal. 659; *Egan* v. *Egan*, 90 Cal. 15 [27 Pac. 22]; *Heller* v. *Dyerville Mfg. Co.*, 116 Cal. 127 [47 Pac. 1016]; *Continental Bldg. & Loan Assn.* v. *Woolf*, 12 Cal. App. 725 [108 Pac. 729]; *Dyerville Mfg. Co.* v. *Heller*, 102 Cal. 615, 617 [36 Pac. 928].)

■ It is further urged that as approximately twenty years had elapsed from the rendition of the former judgment and application to the court to enforce it, that for many years the defendant owned real estate out of which the judgment could have been satisfied, that the judgment against the codefendants relieved the other defendant of liability on the judgment, and further that the judgment debtor against whose estate it is now sought to enforce the judgment had died in the interim, such a situation constituted laches, which should bar a recovery on the part of the plaintiff. We have already held that under the record in this case it does not appear that the judgment against the codefendants in the former action relieved the other defendant from the judgment taken against him two months earlier, and which is a subsisting judgment. In *Faias* v. *Superior Court*, *supra*, it is said: "Whether a dormant judgment shall be enforced is a matter within the sound discretion of the trial court (11 Cal. Jur., Executions, sec. 12, p. 51), which may—as was done in *Saunders* v. *Simms*,

*supra*—grant the judgment creditor leave to present a claim against the estate of a deceased debtor, and, in case of its rejection, to bring an action to establish its validity.'' In *Demens* v. *Huene,* 89 Cal. App. 748 [265 Pac. 389], where execution had been issued on order of the trial court, and the court subsequently recalled the execution because a period of nine years had elapsed from the date of the judgment and the making of the order directing the issuance of execution and the further ground that for a period of five years after the judgment had been entered the debtors had property upon which execution could have been levied, the appellate court held that the recalling of the execution was an abuse of discretion. It is said at page 754 of the case last cited, quoting from *Hovey* v. *Bradbury,* 112 Cal. 620, at page 625 [44 Pac. 1077], concerning the doctrine of laches, ''It is not designed to punish a plaintiff. It can be invoked only where to allow the claim would be, because of the claimant's own acts, to permit an unwarranted injustice. It looks to the peace of society, and not the punishment of the claimant, even if he has been negligent.'' We think it is clear that the doctrine of laches has no application here and that the trial court did not abuse its discretion in permitting the enforcement of the original judgment.

The foregoing disposes of all of the questions presented by appellant and as none of them are sufficient to disturb the judgment, the same is hereby affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 11, 1935.