[Civ. No. 11486.   First Dist., Div. One.—June 2, 1941.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association, as Trustee, etc., Respondent, v. PHIL C. KATZ, as Administrator, etc., Appellant.

J. E. McDOWELL, Plaintiff, v. MAURICE ZUCKER, Defendant.

Henry F. Boyen and Frank J. Fontes for Appellant.

Robert E. Hatch, Carl Conradi, Jr., and Charles H. McDonald for Respondent.

KNIGHT, J.—This is an appeal from an order made pursuant to the provisions of section 685 of the Code of Civil Procedure, granting leave to enforce a money judgment against the estate of the deceased judgment debtor by the presentation of a claim against his estate and by bringing an action thereon if the claim is rejected. That portion of section 685 upon which the order was based reads: "*In all cases* the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court . . . " (Italics ours.)

Appellant makes no complaint that the trial court abused its discretion in granting the order. The sole contention made is that the provisions of section 685 may not be invoked for the enforcement of a money judgment against the estate of a judgment debtor. The substance of the theory upon which appellant bases his contention is that in the event of the death of the judgment debtor, the provisions of section 686 of said code operate as a limitation upon the exercise of the discretionary powers granted by section 685; that under section 686 judgments may be enforced only by way of execution and only in the particular class of cases specified therein, namely, when the judgment is for the recovery of real or personal property, or the enforcement of a lien thereon; that therefore, subsequent to the death of the judgment debtor, the application of the provisions of said section 685 must be restricted to that class of judgments.

In five comparatively recent cases, however, orders of the kind here assailed, made under the authority of section 685, granting leave to enforce money judgments against the estates of deceased judgment debtors, have been upheld. Those cases are: *Saunders* v. *Simms,* 183 Cal. 167 [190 Pac. 806]; *Faias* v. *Superior Court,* 133 Cal. App. 525 [24 Pac. (2d) 567]; *Palace Hotel Co.* v. *Crist,* 6 Cal. App. (2d) 690 [45 Pac. (2d) 415]; *Tolle* v. *Doak,* 12 Cal. App. (2d) 195 [55 Pac. (2d) 542]; *Pacific Gas & Elec. Co.* v. *Elks Duck Club,* 39 Cal. App. (2d) 562 [103 Pac. (2d) 1030]. In upholding the order in the Faias case the court said in part: "Under this section [685] mere lapse of time after the entry of a judgment does not deprive the trial court of the power to order the issuance of an execution (*Welk* v. *Conner,* 102 Cal. App. 286 [282 Pac. 963]); and when the judgment debtor has died and the statute of limitations has run against the judgment, the court may under this section grant the judgment creditor leave to enforce the judgment by the presentation of a claim against the estate and by the bringing of an action thereon if the claim is rejected (*Saunders* v. *Simms, supra*). . . . Whether a dormant judgment shall be enforced is a matter within the sound discretion of the trial court (11 Cal. Jur., Executions, sec. 12, p. 51), which may—as was done in *Saunders* v. *Simms, supra*—grant the judgment creditor leave to present a claim against the estate of a deceased debtor, and, in case of its rejection, to bring an action to establish its validity." So far as our attention has been called, the correctness of the doctrine thus stated has never been questioned. It may be taken, therefore, that the law governing the matter is well settled.

Appellant contends, however, that the above cases should not be considered as controlling authority as to the scope of section 685 because section 686 was not expressly referred to therein. While it is true that section 686 is not mentioned, it does appear from the decision in the Saunders case, which was the first to deal with the subject and which has since been cited and consistently followed, that some similar theory was there advanced to the effect that in the case of the death of a judgment debtor the provisions of section 685 were limited to the enforcement of judgments by way of writ of execution only; and in disposing of the point the court said: "We fail to understand upon what theory of construc-

tion appellant claims that the relief granted by section 685 in case of a money judgment, is limited to enforcement by execution. It is true the text of the section is introduced by the disconnected clause 'execution after five years,' but it is apparent from the context, which provides that 'in all cases the judgment may be enforced or carried into execution after the lapse of five years,' that the word 'execution' is used in the broad sense of execution or carrying into effect by such means as are provided by law for the enforcement of various classes of judgments.''

In any event, we have found nothing in the arguments advanced by appellant, nor in the cases cited by him, which tends to cast any doubt as to the soundness of the decisions in the above-cited cases, much less to warrant a repudiation of the construction therein placed on said section 685.

The order is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 30, 1941.