## QUIVEY *v.* HALL AND HUGGINS, ADMINISTRATORS OF THE ESTATE OF COOK, DECEASED.

JUDGMENT was obtained against C. in December, 1850; he died in February, 1852; letters of administration on his estate in December, 1856; this judgment presented to the administrators as a claim against the estate in February, 1859; claim rejected, and this suit brought in March following to compel its allowance: *Held*, that the claim is not barred by the Statute of Limitations of five years applicable to judgments; that the right of action on the judgment ceased under our statute upon the death of the debtor; that presentation of the claim to the administrator is substituted in place of suit; and that the right to sue comes, not from the existence of the debt and nonpayment, but from the refusal to allow it as a claim against the estate, and hence does not accrue until presentation of the claim, which need not be made until after publication of notice to creditors.

By common law, when the Statute of Limitations begins to run, a subsequent disability, as death of the party bound, etc., does not stop it. But this doctrine has no application where judgment is obtained against an intestate in his life-

time and no execution levied. In such case, the judgment creditor being prevented by the statute from suing after the death of the debtor, the statute ceases to run until presentation of the claim to the administrator.

Where suit is brought against an administrator on a judgment obtained against his intestate in his lifetime, which the administrator refused to allow, and judgment is rendered in favor of plaintiff, interest must not be compounded. This latter judgment amounts to nothing more than a recognition of the former as a claim against the estate, and interest should be computed according to the rate fixed therein.

APPEAL from the Fifth District.

Suit on a judgment obtained against one Cook in his lifetime. The complaint sets up the facts stated in the opinion of the Court; and further, that the amount of the judgment was $3,523, with interest on $2,056 thereof at the rate of ten per cent. per annum, and interest on $1,467 thereof at the rate of ten per cent. per month from the rendition of the judgment; and that afterwards, on the sixteenth of January, 1851, Cook paid $1,700 to be credited on that portion of the judgment bearing interest at ten per cent. per annum; that the claim presented to defendants as administrators of Cook's estate was $14,885. There is no allegation that the notice to creditors was published as required by statute. Defendants demurred to the complaint, on the grounds: 1st, that more than five years elapsed between the date of the judgment sued on and the commencement of this suit; 2d, that it is not alleged that the claim was presented to the administrators within ten months from December 4th, 1856, when letters were issued; 3d, that the action was not commenced within five years after the cause of action accrued, and within one year after letters of administration were issued to defendants. Overruled, and judgment final for plaintiff, to be paid in due course of administration, for $19,179.30, with interest on $18,459.15 thereof at the rate of ten per cent. per month from the date of judgment, August 23d, 1860, and on seven hundred and twenty-six dollars and fifteen cents thereof at the rate of ten per cent. per annum from the same date, and costs. Defendants appeal.

*Hall & Huggins,* Appellants, in person.

I.   This is an action upon a judgment, and the cause of action

accrued at the rendition of the judgment in December, 1850, and hence the action was barred in five years from that date. (Probate Act, sec. 135; Limitation Act of 1850, sec. 17; *Ames* v. *Hoy*, 12 Cal. 11; *Stuart* v. *Lander*, 16 Id. 372.) Where the statute begins to run, no subsequent disability stops it. (4 Bac. Abr. Limitations E, 5, note; 2 Greenl. Ev. sec. 439; 13 Wend. 267; 12 Sm. & M. 9; 7 Harr. & Johns. 14.)

II. The action was barred by the lapse of more than one year after letters of administration to defendants. (Limitation Act of 1850, second clause, sec. 24; Probate Act, secs. 228, 244, 128–130; *Danglada* v. *De la Guerra*, 10 Cal. 386.)

III. The computation of interest is wrong.

*W. T. Wallace*, for Respondent.

I. This is not an action upon a judgment, but simply a suit to compel the recognition of a claim against an estate; and plaintiff had a right to present the judgment against Cook to the defendants as administrators at any time within ten months after the first publication of a notice to creditors of the estate to present their claims. (Wood's Digest, art. 2284, secs. 128–130; art. 2334, sec. 239.) But the complaint does not aver that such notice was ever published; and hence does not show *prima facie* that the cause of action is barred, and the demurrer was properly overruled. (12 Cal. 311.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Plaintiff had judgment against Cook, December 27th, 1850; Cook died February 15th, 1852. Letters of administration issued on his estate December 5th, 1856. Plaintiff presented claim February 24th, 1859; claim rejected, and suit March 24th, 1859. On demurrer, which was overruled, the question arose whether this claim upon these facts is barred by the Statute of Limitations. Judgment below for plaintiff, and appeal.

This case differs from the case of *Smith* v. *Hall*, just decided, in this: That in that case the statute did not begin to run until after the death of the intestate. In this case it is contended the statute applicable to judgments began to run from the date of it—

which, of course, was in the lifetime of Cook. The period of limitation in such cases is five years. At common law, the rule is unquestionable, that when the statute begins to run, a subsequent disability, as death of the party bound, etc., does not stop it. (13 Wend. 267, and cases cited in appellant's brief.)

But we think this doctrine has no application here. Judgment was obtained in the lifetime of Cook, but was not levied. Section 141 of the Probate Act (Wood's Dig. 405) provides: " When any judgment has been rendered against the testator or intestate in his lifetime, no execution shall issue thereon after his death; but it shall be presented to the executor or administrator as any other claim, but need not be supported by the affidavit of the claimant; and if justly due and unsatisfied, shall be paid in due course of administration; provided, however, that if the execution shall have been actually levied upon any property of the deceased, the same may be sold for the satisfaction thereof, and the officer making the sale shall account to the executor or administrator for any surplus in his hands."

The theory of the Statute of Limitations supposes that the claimant may sue or prosecute his action, and that it is by his own default that suit is not brought by him. But upon or after the death of the judgment debtor, the plaintiff's right of action ceased. The statute substituted the presentation of the claim for suit, allowing the administrator to acknowledge it and place it on the list of recognized debts of the estate. But the right to sue does not come from the existence of the claim and the nonpayment; but comes from the refusal of the executor to acknowledge it as a just claim against the estate. This right, therefore, does not accrue until the presentation of the claim, and the party is not bound to present it until after publication of the notice required by the statute; and we think it would be unjust to hold that the claim was barred by the statute when the claimant was in no legal default.

The judgment is erroneous in compounding the interest. The plaintiff was only entitled to interest on the principal sums in the judgment sued on—that is to say, on $2,056 at the rate of ten per cent. per annum from December 27th, 1850, until January 16th, 1851, then adding principal and interest on this sum together, de-

duct from the aggregate the credit of $1,700, and then interest on the balance of this sum at the same rate until payment; and on $1,467, from December 27th, 1857, until payment, at the rate of ten per cent. per month.

We think, as the only effect of the judgment is a recognition of the claim, that the same rule should hold in computing interest; that is, that the claim is merely adjudged a good claim on the estate, and this adjudication is equivalent to no more than a recognition and allowance by the administrator and the Probate Judge, in which event the interest would not be compounded. The sums in the judgment sued on will bear interest according to the conventional and legal rates respectively applicable from the dates given already until payment.

The judgment will be reformed by the Court below accordingly, and the cause is remanded for that purpose. The respondent to pay the costs of this appeal.

A rehearing having been granted and the cause reargued, BALD-WIN, J. delivered the opinion of the Court—COPE, J. concurring.

On reargument, the judgment of the Court below is reversed, and the cause remanded, for the purpose of correcting the computation of interest according to the principles of the former opinion in the case. The costs of this Court to be paid by the respondent. The opinion formerly rendered is adopted as explanatory of the grounds of this decision.