[No. 5681.]

# THE HIBERNIA SAVINGS AND LOAN SOCIETY *v.* JOSEPH W. HERBERT, MARY BURKE, FRANCIS WALTER BURKE, ISABELLA BURKE, AGNES BURKE, and JOHN EGAN, Administrator, with the Will annexed, of the Estate of ANASTACIA G. HERBERT, Deceased.

Necessary Parties to Foreclosure.—If a mortgagor convey all his interest in the mortgaged premises to a third person, and afterwards die before the commencement of the foreclosure suit, his personal representative is not a necessary party to the action, if no judgment for the deficiency be demanded.

Statute of Limitations—Saving Clause.—In such a case, if the mortgage be made to secure the payment of several promissory notes of the mortgagor, some of which matured more than four years before the death of the grantee of the mortgagor, and before the commencement of the action, such notes are not within the saving clause of sec. 353 of the Code of Civil Procedure, and are barred by the Statute of Limitations; but as to such of the notes as matured less than four years before the death of the grantee, the action will be in time if commenced within one year after the issuance of letters of administration on the estate of the grantee.

Appeal from the District Court of the Fourth Judicial District, City and County of San Francisco.

December 17th, 1868, Walter Burke executed a mortgage on real estate, to secure the payment to plaintiff of thirty-six installment notes, each of which, in consecutive numerical order, was payable on the 17th of each succeeding month, from and including the 17th of January, 1869, unless default was made in any one payment, when all of them thereby became due and payable at plaintiff's option. Interest, counsel fees, and other incidentals, were also provided for. On May 27th, 1870, Burke conveyed the mortgaged property to his wife, Anne Burke, which conveyance was duly acknowledged and recorded on the same day. Walter Burke, the mortgagor, died in 1870, and left no estate. The widow married Jos. W. Herbert in 1874, and died on October 23rd, 1875. December 27th, 1875, letters of administration were issued out of the Probate Court of Alameda County, (she being a resident of that County at the time of her death) to the defendant John Egan on her estate, which consisted solely

of the lot of land described in the complaint. The defendant Jos. W. Herbert is the surviving husband, and the defendants Mary Burke, Francis W. Burke, Isabella Burke, and Agnes Burke are the infant children of Anastacia G. Herbert, deceased. This action was commenced on February 8th, 1876, for foreclosure of the mortgage and sale of the mortgaged premises, and to have the proceeds applied to the payment of the last seven of the installment notes, viz., 30th to 36th, inclusive, which were alleged to be unpaid, and to the payment of counsel fees, etc. No personal judgment is asked. Judgment was rendered for plaintiff, and defendants appealed.

*Mich. Mullany, J. F. Boyd*, and *M. Cooney*, for Appellants.

The plaintiff in this case virtually sues a lot of land, (those supposed to be interested in it being made defendants) for the purpose of having it applied to the payment of seven promissory notes, which were long barred at the time the action was commenced. The first of the notes fell due and was payable on the 17th June, 1871, and at plaintiff's option they were then all due and payable, and a right of action for the whole accrued to plaintiff on the 18th June, 1871; and if it appeared necessary for the determination of this case, we should urge, on principle, that the whole debt was barred on June 18th, 1875. (*Belloc* v. *Davis*, 38 Cal. 242 ; *Hemp* v. *Garland*, 4 Q. B. 519 ; Angell on Limitations, 42.)

But, apart from plaintiff's option, the last note fell due and was payable on December 17th, 1871, and consequently was barred on December 18th, 1875. This action was commenced on February 8th, 1876 ; and there is nothing alleged or shown to save the bar of limitation.

2. The only evidence offered by plaintiff was a mortgage, barred by limitation, and objected to for that reason, and a calculation of the amount unpaid under that mortgage.

For the defense it was proved or admitted that the mortgagor conveyed the mortgaged premises to A. G. Herbert, on May 27th, 1870, and that this deed of conveyance was duly recorded on the same day, May 27th, 1870, and that the mortgagor died in

1870, and that his surviving wife and grantee of the mortgaged premises married J. W. Herbert in 1874; that A. G. Herbert died on October 23rd, 1875, and that letters of administration were issued on her estate to defendant John Egan on December 27th, 1875; and that the mortgaged property belongs to her estate, and that the other defendants are the infant heirs and surviving husband of A. G. Herbert, deceased.

Upon these facts the defendants were entitled to judgment: 1st, because the claim was barred by limitation; and, 2nd, even if it were not barred, it should have been presented for allowance to the administrator defendant, as against the estate from which it is sought to be satisfied.

*Tobin & Tobin,* for Respondent.

The action can be maintained without presenting a claim to the executor or administrator of the mortgagor, he having parted with his title to the property before his death. ( *Christy* v. *Dana,* 34 Cal. 553; *Harp* v. *Calahan,* 46 Cal. 230; *Pitte* v. *Shipley,* 46 Cal. 154.) There having been no administration on the estate of the mortgagor, the debt is not barred. As the mortgagor died before the notes sued on became due, the Statute of Limitations was not set in motion at all, and respondent was entitled to bring its action at any time until the debt should become barred in due course of administration. Sec. 353, Code of Civil Procedure, "only applies to cases where the statute has commenced to run." ( *Smith* v. *Hall,* 19 Cal. 86; *Danglada* v. *De la Guerra,* 10 Cal. 386; Code of Civil Procedure, sec. 1493.)

The debt not being barred, neither is the mortgage which secures it. ( *Willis* v. *Farley,* 24 Cal. 479.)

The respondent had no notice of the subsequent conveyance, and therefore was not affected by it until it chose to bring this suit; till then it was not bound to search the records for subsequent transactions. ( *Sluyvesant* v. *Hall,* 2 Barb. Ch. 151; *Dennis* v. *Burritt,* 6 Cal. 670; *McCabe* v. *Grey,* 20 Cal. 516; sec. 1213, Civil Code.)

The cases relied on by appellants are not in conflict with the

views here presented.  *Barber* v. *Babel*, 36 Cal. 20, and *Wood* v. *Goodfellow*, 43 Cal. 188, only decide that the original parties to the contract cannot by any conventional arrangement, by any agreement between themselves, made after the rights of subsequent grantees or mortgagees have accrued—make any change in the contract by which the rights of such subsequent parties can be affected in respect to the Statute of Limitations. The principle of those cases has no application here, because the debt in this case is kept alive by operation of law, and the law was a part of the contract or conveyance by which appellants acquired their rights.

By the Court, Crockett, J.:

The mortgagor Burke having conveyed the mortgaged premises by deed of gift to his wife, and having thenceforth no interest in the property, his personal representative was not a necessary party to the foreclosure suit.   (Story's Eq. Pl., sec. 197, and authorities there cited.)

The first of the promissory notes, for the satisfaction of which a foreclosure of the mortgage is sought, became due on the 17th of June, 1871, and the last of them on the 17th of December, 1871.   The wife, to whom the property was conveyed, died October 23rd, 1875, and administration on her estate was granted December 27th, 1875.   The action was commenced February 8th, 1876, and the administrator and children of the deceased wife were made parties defendant.   The defense relied upon is the Statute of Limitations.

But sec. 353 of the Code of Civil Procedure provides that if a person against whom an action may be brought die before the expiration of the time limited for the commencement of the action, and the cause of action survive, the action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration.

The notes which became due on the 17th of June, the 17th of July, the 17th of August, the 17th of September, and the 17th of October, 1871, had all been due more than four years

before the wife died; but those which became due respectively on the 17th of November and December, 1871, had not been due four years at the time of her death. The first five notes were therefore barred by the statute at the time of her death, and do not come within the saving clause of sec. 353, while the last two notes, which became due after her death, are within the very terms of that section, and as to them the action was commenced in time.

Judgment and order reversed and cause remanded, with an order to the Court below to modify its judgment in accordance with this opinion.

Mr. Justice RHODES did not express any opinion.