[Sac. No. 1023.   Department One.—May 15, 1902.]

MARY CASEY, Executrix, etc., and MARY CASEY, Respondents, v. W. S. GIBBONS, Administrator, etc., and W. S. GIBBONS, Appellants.

FORECLOSURE OF MORTGAGE—ORDER DENYING NEW TRIAL—APPEAL—DISMISSAL—OMISSION OF EXHIBITS—FINDING—PRESUMPTION.—In an action to foreclose a mortgage, brought by a plaintiff as executrix, and also as distributee of one half of the mortgage, the fact that the papers and pleadings in the matter of the estate which were introduced in evidence were not made a part of the bill of exceptions upon motion for new trial is not ground for dismissing an appeal from the order denying a new trial; and where the court found that the remaining half interest is in course of administration, it must be presumed, in the absence of the proceedings, that the finding was supported by the omitted evidence, and all questions depending in any way upon the finding and upon the part of the answer to which it is responsive must be considered as eliminated from the case upon such appeal.

ID.—JOINDER OF PARTIES PLAINTIFF.—The plaintiff, in her individual capacity as distributee of one half of the mortgage, might be properly joined as plaintiff with herself as executrix, representing the undistributed half of the mortgage in the action to foreclose the same.

ID.—MORTGAGE TO SECURE DEBT OF ANOTHER—SURETYSHIP.—Where the mortgage in suit was executed by a mother to secure the debt of her son to the plaintiff, but the mortgage shows that the mortgagor agreed to pay the amount stated in it, and the loan was made upon her faith and credit, she was herself a principal, and neither she nor the mortgage can be treated as surety for the debt of the son.

ID.—PLEADING AND PROOF OF SURETYSHIP.—In order to charge the mortgagor as surety only, it was incumbent upon the defendants to aver and prove that the payee of the mortgage note not only knew of the fact of suretyship, but also consented to deal with her in that capacity.

ID.—INTEREST AFTER MATURITY.—The rate of interest stipulated in the note and mortgage remains chargeable after a breach thereof as before, until the contract is superseded by a verdict or other new obligation.

ID.—STATUTE OF LIMITATIONS—DEBT OF SON NOT IN WRITING.—The fact that the debt of the son was not in writing, and was barred after the lapse of two years, cannot affect the obligation of the mortgagor, whose note and mortgage were in writing, and were not barred by the statute of limitations.

ID.—RUNNING OF STATUTE—DEATH OF MORTGAGOR.—Where the mortgagor died before the statute had run against the note and mortgage, the running of the statute was suspended after her death until letters of administration were issued upon her estate.

ID.—PLEA OF STATUTE BY DEFENDANT PERSONALLY—OMISSION IN FINDING.—Where the son was joined as co-defendant with himself as administrator of his deceased mother, his personal plea of the statute of limitations cannot affect the right to recover against him as administrator of her estate, against which the note and mortgage are not barred; and where no judgment was rendered against him personally, and no deficiency judgment was awarded against him in either capacity, the omission to find upon his plea of the statute is immaterial.

APPEAL from a judgment of the Superior Court of Madera County and from an order denying a new trial. W. M. Conley, Judge.

The facts are stated in the opinion.

W. H. Larew, for Appellants.

Robert L. Hargrove, for Respondents.

CHIPMAN, C.—Foreclosure. Plaintiffs had judgment, from which and from the order denying defendant's motion for a new trial this appeal is taken on a bill of exceptions.

1. Respondents ask that the appeal from the order denying a new trial be dismissed, on the ground, among others, that the bill of exceptions does not contain copies or the substance of any of the exhibits admitted in evidence. This is not ground for dismissal of the appeal from the order. It appears that the papers and pleadings in the matter of the estate of Timothy Brassil, deceased, were introduced and admitted in evidence, but they are not printed in the transcript, and upon this evidence the defendants asked that their plea in bar be sustained. The motion was denied by the court. Plaintiffs offered in evidence the mortgage sued on, and it was admitted. Defendant Gibbons testified that he borrowed the principal sum mentioned in the mortgage and received the money, and that it was his debt on which he had paid the sum of $114.54, as shown in exhibit 1 of the answer; that his mother gave the mortgage to secure the debt of witness;

that he never at any time gave a note or made any written promise to pay. It was admitted that after the death of Mrs. Gibbons, intestate, all her heirs at law conveyed their interest in the mortgaged property, except the northwest quarter of the northwest quarter of section 15 (the same as mentioned in the complaint and answer), to defendant Gibbons, and ever since 1892 he has been in the peaceable possession of the property so conveyed to him, and has paid all taxes levied thereon, except the tax levied on the mortgage, and he has paid no tax on said mortgage interest. This is all the evidence to be found in the bill of exceptions. The omitted evidence relates only to questions arising out of that part of the answer which pleads the decree of final distribution to Mary Casey and her discharge as executrix and the allegation that there never has been any administration of the remaining half interest in the mortgage. The court found that this remaining half interest is now in course of administration in the matter of the estate of Timothy Brassil, deceased, and this finding, no doubt, is based on the evidence omitted from the bill of exceptions. Section 1698 of the Code of Civil Procedure provides "that the final settlement of an estate shall not prevent a subsequent issue of letters, if other property is discovered, or if it becomes necessary or proper for any cause that letters should be again issued." Counsel for respondent states in his brief that after the one half was distributed to Mary Casey it was discovered that the whole of the mortgage belonged to the Brassil estate, and that "it was necessary to issue new letters and have the other half administered, and the record shows that letters were issued May 18, 1900, shortly before this suit was brought." We must, in the absence of the proceedings, assume that the finding was supported by the evidence; if not, it was appellants' duty to so show by bringing the evidence here. All questions therefore depending in any way upon this finding and that part of the answer just noticed are eliminated from the case.

2. Appellants contend that Mrs. Gibbons, as mortgagor, was a surety, or guarantor, for her son, defendant Gibbons, and that the mortgaged property is entitled to all the rights and favor accorded by law to a surety, and that anything that would discharge an individual surety or guarantor who was personally liable will under similar circumstances dis-

charge the property. (Citing *Parke & Lacy Co.* v. *White River Lumber Co.*, 110 Cal. 663.) We cannot agree with the learned counsel in his premise that Mrs. Gibbons or the mortgage must be treated as surety. In the first place, the mortgage shows that the mortgagor agreed to pay the amount stated in it; she was herself a principal, and upon her faith and credit the loan was made. Besides, it was incumbent on defendant, in seeking, under section 2832 of the Civil Code, to charge Mrs. Gibbons as surety only, to aver and prove that the payee not only knew of the fact of suretyship, but consented to deal with her in the capacity of surety. (*Farmers' National Bank* v. *Stover,* 60 Cal. 387; *Leeke* v. *Hancock,* 76 Cal. 127; *California National Bank* v. *Ginty,* 108 Cal. 148.) There is no evidence tending to show that Brassil dealt with Mrs. Gibbons as surety; the only evidence is, that Gibbons, the son, borrowed the money, and that his mother gave the mortgage to secure the debt, the face of which makes her the principal. This she could do and at the same time become a principal, and there is no evidence that Brassil took the mortgage from her in any other capacity.

As Mrs. Gibbons was not a surety, it is unnecessary to pass upon appellants' reasons for claiming that she is discharged and the mortgage extinguished upon the principles of suretyship.

3. It is claimed that the mortgage was not given to secure the payment of any interest after maturity or after the first default. The rate of interest was stipulated in the contract and "remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation." (Civ. Code, sec. 3289; *Kohler* v. *Smith,* 2 Cal. 597[1].) *Malone* v. *Roy,* 107 Cal. 518, relied on by appellants, is not in point. Section 1917 of the Civil Code does not affect the question.

4. It is claimed that as the obligation of defendant Gibbons was not in writing, and was barred after two years, the mortgage also is barred. The answer is, that the obligation of Mrs. Gibbons is in writing, and as she was not a guarantor or surety, it is immaterial whether or not the claim against Gibbons is barred; no judgment was entered against him.

5. The action on the mortgage is not barred. The mortgage

[1] 56 Am. Dec. 369.

debt matured July 2, 1889; Martha Gibbons, mortgagor, died November 1, 1892, within four years after the mortgage matured; no administrator of her estate was appointed until April 2, 1900. Brassil died December 24, 1898, and letters issued to Mary Casey February 13, 1899, and one half the mortgage was distributed to her October 16, 1899. New letters were issued to her for the purpose of administering upon the remaining half of the mortgage, and administration thereon is now pending. The statute did not begin to run after Mrs. Gibbons's death until April 2, 1900, and as the action was brought June 2, 1900, it was not barred. (Code Civ. Proc., sec. 353; *Hibernia Savings and Loan Society v. Herbert,* 53 Cal. 375.)

6. Mary Casey, in her individual capacity, distributee of one half of the mortgage, and Mary Casey, as executrix, representing the undistributed half of the mortgage, were properly united as plaintiffs; furthermore, the question of misjoinder of parties plaintiff was not raised by demurrer or otherwise.

7. The plea of the statute of limitations by defendant Gibbons did not affect the right of action against him as administrator; no judgment was entered against him personally, and no deficiency judgment was awarded against him, either as administrator or in his individual capacity; he was not injured by failure to find on his personal plea of the statute.

Having disposed of all the questions properly before us, and discovering no error in the record, we advise that the judgment and order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

                    Garoutte, J., Van Dyke, J., Harrison, J.

Hearing in Bank denied.