[Civ. No. 5789. Third Appellate District.—April 26, 1937.]

MINNIE SCHWARTZ, Respondent, v. EDGAR C. EDMUNDS, as Executor, etc., Appellant.

Lloyd S. Nix for Appellant.

C. S. Davis for Respondent.

PULLEN, P. J.—From a judgment of foreclosure this appeal is taken. The action was commenced April 13, 1935, against Edgar C. Edmunds, as executor of the estate of Mary Edmunds, deceased, for the foreclosure of a mortgage dated January 18, 1928, given to secure the repayment of a promissory note of even date therewith.

Mary Edmunds died December 7, 1933, and on November 21, 1934, letters testamentary were issued to appellant herein. In the complaint it is alleged that on the 14th day of January, 1931, at the request of the said Mary Edmunds, plaintiff herein executed an extension of the maturity of said note and mortgage to January 18, 1933, which extension was duly acknowledged but not recorded until January 7, 1935, some thirteen months after the death of Mrs. Edmunds. The answer avers this fact and alleges that she did not consent to any extension, and further that said extension was not delivered to Mary Edmunds during her lifetime, and as a separate defense set up the statute of limitations. Findings were signed in accordance with the allegations of the complaint and a decree entered directing the sale of the mortgaged property to satisfy the principal and interest of the note,

together with $22 expended under the terms of the mortgage for an abstract of title, and $160 as attorney fees.

█ It is the first contention of appellant that the extension agreement was invalid and inoperative because not signed by the mortgagor, and therefore the action was barred by the statute of limitations, citing section 2922 of the Civil Code, which provides that a mortgage can be created, renewed or extended only by a writing executed with the same formalities as required in the case of a grant of real property, and citing also section 360 of the Code of Civil Procedure to the effect no acknowledgment or promise is sufficient evidence of a continuing contract unless the same is contained in some writing signed by the party to be charged thereby.

Also as a circumstance contradicting execution of the extension, appellant calls attention to the fact that the extension agreement was not recorded until some thirteen months after the death of Mrs. Edmunds. That fact alone, of course, would not establish the contention of appellant.

The fact, too, that the mortgagor did not sign the extension is immaterial. In *Smith* v. *Lawrence*, 38 Cal. 24 [99 Am. Dec. 344], Smith, the payee of two notes, by a valid agreement in writing, signed by him only, promised the defendant, the payer, that he would forbear to sue or demand payment thereof until the happening of a particular event. The court held that the statute was suspended until the event occurred, and in so holding, the court said:

"No sufficient reason is suggested why the agreement is not valid. It is not necessary, as insisted by defendant, that he should have signed the agreement in order to render it valid, for the agreement did not provide that any act should be performed by him, but it is enough that it was binding upon the plaintiff. . . . The payee of the notes is entitled to the full term of four years in which to commence his action, and the extension of the time for the payment of the notes did not deprive the payee of any portion of that time." The extension being valid, the action was within the statute of limitations.

█ However, had there been no extension agreement the right of plaintiff would not have been barred by the provisions of section 337 of the Code of Civil Procedure. It will be remembered that the note and mortgage was executed on January 18, 1928, to mature on January 18, 1931, and the

same would not have outlawed until four years thereafter, or January 18, 1935. Mrs. Edmunds, the mortgagor, however, died on December 7, 1933, before the statute had run, and letters testamentary were granted on November 21, 1934. Under section 353 of the Code of Civil Procedure, if a person against whom an action may be brought died before the expiration of the time for the commencement thereof, and the cause of action survived, the action may be commenced against his representative after the expiration of that time and within one year after the issuing of letters testamentary. The present action was commenced on April 13, 1935.

No claim based upon this obligation was ever presented to the executor of the estate, and appellant contends that a complaint for foreclosure of a mortgage brought against the executor, which neither alleged that a claim had been first filed with the clerk or presented to the executor nor expressly waiving all recourse against any other property, does not state a cause of action.

Section 716 of the Probate Code provides that the holder of a claim against an estate must file the same with the clerk or present the same to the executor, except that an action may be brought by the holder of a mortgage against the property of the estate subject thereto where all recourse against any other property of the estate is expressly waived in the complaint, and that no counsel fees shall be recovered in such action unless the claim was filed or presented in accordance with this section. The complaint in this case did not expressly waive recourse against other property of the estate, but it did not ask for a deficiency judgment and the decree of foreclosure did not provide for any deficiency judgment, so in effect at least, the complaint did waive recourse against any other property.

Section 475 of the Code of Civil Procedure provides that no error is to be regarded unless it affects substantial rights, and if such rights are not affected, the court must disregard any error or defect in the pleadings or proceedings, and no judgment or decree shall be reversed by reason of any error unless it shall appear from the record that such error was prejudicial and that the party complaining suffered substantial injury. It clearly appears here that appellant was not prejudiced by the omission to include in the complaint any

waiver as to the deficiency judgment when the same was not asked for nor granted by the court.

It does appear, however, that the complaint and decree of foreclosure asked for and allowed attorney fees in the sum of $160, and $22 for the expense of examination of the title. Inasmuch as the claim was not filed with the clerk nor presented to the executor under section 716 of the Probate Code, *supra*, no costs or counsel fees could be recovered.

The judgment and decree is therefore modified by reducing the amount of the judgment in the sum of $182. In all other respects the judgment should be affirmed, and it is so ordered. Respondent to recover costs on appeal.

Held, J., *pro tem.*, and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 26, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1937.