[Civ. No. 11395.  First Appellate District, Division Two.—June 20, 1940.]

PACIFIC GAS AND ELECTRIC COMPANY, Respondent, v. ELKS DUCK CLUB et al., Defendants; DOROTHY BANTA, Administratrix, etc., Appellant.

Hugh K. McKevitt, Joseph F. DeMartini and Jack M. Howard for Appellant.

Robert E. Hatch for Respondent.

NOURSE, P. J.—The defendant appeals from an order granting leave to plaintiff to enforce a money judgment.

We copy the statement of facts from appellant's opening brief:

"On April 6, 1928, in the Superior Court of the State of California, in and for the City and County of San Francisco, a default judgment was entered in an action entitled *W. K. Slack, plaintiff* v. *Elks Duck Club, W. H. Banta et al., defendants.* The judgment was entered against the defendant, W. H. Banta, and in favor of the plaintiff, W. K. Slack, for the sum of $858.23. W. H. Banta died intestate on December 18, 1938, and on January 12, 1939, letters of administration upon the estate of W. H. Banta were issued to Dorothy Banta, the appellant herein. On July 6, 1939, the respondent Pacific Gas and Electric Company was substituted as plaintiff in the action in place of W. K. Slack, and on September 27, 1939, the defendant Dorothy Banta, as administratrix, was substituted as defendant in the place of the decedent, W. H. Banta.

"Dorothy Banta, the administratrix, caused notice to creditors to be duly published in the estate of W. H. Banta, deceased, and the last day to present claims against the estate was July 13, 1939. On July 10, 1939, Pacific Gas and Electric Company filed its claim based on the said judgment in the office of the Clerk of the Superior Court of the State of California, in and for the City and County of San Francisco, being the Court in which said estate proceedings were pending. This claim was filed without the judgment creditor obtaining permission to file the same from the Court in which the judgment was rendered or from any Court.

"On the 27th day of September, 1939, in the action in which said judgment had been obtained, an order to show cause was signed by Honorable Franklin A. Griffin, directed to the administratrix Dorothy Banta, to show cause why the Court 'should not make its order with respect to the judgment in the above entitled action, granting leave to plaintiff to enforce and carry it into execution in every manner allowed by law, requiring the clerk to issue a writ of execution upon said judgment, permitting plaintiff to file and prosecute suit or suits based upon supplemental process, rejected claims, and otherwise, to file, present and prosecute claims upon said judgment, and for such other order as may be proper in the premises'. (Tr. pp. 5 and 6.) The order to show cause was heard by the Court on October 18, 1939, and on October 19,

1939, the Court made its order'', the order from which this appeal is taken.

Appellant argues that the claim was improperly filed in the probate proceedings because permission had not theretofore been granted, and that the order appealed from is therefore error because the time for filing claims had then expired. The principles of law involved are not complicated. The judgment upon which the proceedings are founded was not barred by the statute of limitations found in section 336 of the Code of Civil Procedure. (*Saunders* v. *Simms,* 183 Cal. 167, 170 [190 Pac. 806] ; *Faias* v. *Superior Court,* 133 Cal. App. 525, 529, 530 [24 Pac. (2d) 567] ; *Palace Hotel Co.* v. *Crist,* 6 Cal. App. (2d) 690, 692 [45 Pac. (2d) 415].) ▮ The provisions of section 685 of that code are a ''limitation upon the operation of the statute of limitations'' to the extent that the court may authorize enforcement of the judgment ''by the ordinary processes provided by law of a judgment otherwise barred by the statute''. (*Saunders* v. *Simms, supra.*) The statutes do not require permission of the court to file a claim against the estate upon a judgment against the testator or intestate. ▮ A claim which is not barred by the statute of limitations is not required to be rejected by the executor or administrator. Hence, since the judgment is not barred, the claimant was privileged to file his claim within the statutory period and have it approved or rejected without first resorting to the superior court for leave to file.

Appellant relies upon the quotation from 11A California Jurisprudence, page 717, reading: ''Although a suit on a judgment ordinarily is barred after the lapse of five years, nevertheless the judgment in all cases may be enforced or carried into execution after the lapse of five years by leave of the court upon motion. Under the power so conferred, a court may make an order that the judgment be enforced and carried into effect as provided by law against the estate of the deceased judgment debtor, and the judgment creditor may thereupon present such claim against the state and sue thereon if it be rejected. Such a case is an exception authorized by statute as a substitute for the execution authorized by section 685 of the Code of Civil Procedure.'' She also refers to the language of *Saunders* v. *Simms, supra,* reading: ''The judgment thus fortified and revived was thereupon presented as a claim against the estate of the deceased judg-

ment debtor.'' Also to the language of *Faias* v. *Superior Court, supra,* reading: ''the court may under this section grant the judgment creditor leave to enforce the judgment by the presentation of a claim against the estate and by the bringing of an action thereon if the claim is rejected.'' We cannot read either of these cases as holding that a claim presented to the estate before permission to enforce the judgment is granted is a premature claim and therefore unenforceable. The point was not raised in either case and was not decided. Respondent has filed with its brief a copy of an opinion of the appellate division of the superior court in the city and county of San Francisco where the precise point was presented and determined. Upon principle and reason we are in full accord with the conclusion of that court reading: ''Although the specific point presented upon this appeal does not appear to have been directly passed on by our Supreme or Appellate Courts, we find ourselves in accord with the view of the trial court that it is not material that the order permitting the enforcement of the judgment against the estate was obtained subsequent to the presentation of the claim to the administrator.''

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.