[Civ. No. 7418. Third Dist. Feb. 7, 1948.]

MERCEDES SILVA, Petitioner, v. SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent.

522

Lafayette J. Smallpage and Harold J. Willis for Petitioner.

Crozier C. Culp, Marvin Sherwin and Darrah & Ellis for Respondent.

THOMPSON, J.—By means of certiorari the petitioner seeks to review an order of the probate court in San Joaquin County, in the estate of Manuel Silva, deceased, refusing to rescind a former approval of two creditors' claims. The claims were approved by the administratrix, Margaret Buckmaster, while she was serving as a representative of the estate. Her letters were subsequently revoked, under section 450 of the Probate Code, and a son of the deceased was appointed and qualified in her stead. A motion to rescind the approval of the claims was denied.

From the pleadings and transcript of proceedings it appears that George G. Prytz secured a judgment against Manuel Silva, for the sum of $5,261.44, June 3, 1940, and the Indemnity Insurance Company obtained a judgment against the same defendant, for the sum of $3,495.08, April 15, 1942. Neither judgment was paid. September 22, 1941, Manuel Silva deeded to his wife, Mercedes Silva, as a gift, a 240-acre farm in San Joaquin County, which cost him $50,000. That conveyance left them possessed of only a one-half undivided interest in one acre of land near Holt, upon which some buildings had been constructed. That lot was held in common with his brother, Daniel Silva. It was rented for $15 per month. Manuel filed a homestead on that property in June, 1941. Manuel died July 4, 1942, possessed of no other property. The assets of the estate were insufficient to pay the claims which were subsequently approved. The deceased left surviving him a widow and four adult children. No effort was made to probate the estate for more

than four years, and until, upon the nomination of the judgment creditors pursuant to section 423 of the Probate Code, Margaret Buckmaster was appointed and qualified as administratrix on November 12, 1946. She was employed as secretary in the law office of Darrah & Ellis, at Stockton, which firm represented her as attorneys for the estate. Notice to creditors was duly published. The claims of the judgment creditors were presented, allowed and approved by the administratrix on November 29, 1946, and by the probate judge on December 2, 1946, and filed in the estate.

December 18, 1946, said administratrix commenced suit in San Joaquin County to set aside the deed of conveyance from Manuel Silva to his wife on the ground that it was fraudulently made to defeat creditors. She was represented in that suit by the law firm of Darrah & Ellis and by Mr. Crozier C. Culp. That action is still pending and undetermined.

April 5, 1947, Conrad Silva, the son of Manuel Silva, deceased, filed a petition under section 450 of the Probate Code to revoke the letters formerly granted to Margaret Buckmaster. Conrad also applied for letters of administration in his own behalf. Upon hearing, the petition was granted. The letters of Margaret Buckmaster were revoked, and Conrad Silva was appointed and qualified as administrator of the estate on April 22, 1947.

Upon notice, Mercedes Silva, the widow of said deceased, moved the court in said estate to rescind the approval of the claims of said two judgment creditors on the grounds that the Prytz claim was barred by the statute of limitations, that the claims were allowed ex parte, without personal notice to the heirs, and that the court lacked authority to approve them. That motion was heard upon oral and documentary evidence. The proceedings are before this court. The court denied that motion to rescind and disallow the claims. This petition for certiorari was then filed in this court to review that proceeding.

The only issue on this review is the question of whether the probate judge was legally authorized to deny petitioner's motion to revoke and rescind the former approval of the claims of the two judgment creditors. We assume that if the probate court acquired jurisdiction to issue the letters of administration to Margaret Buckmaster, that if she qualified as such administratrix and the claims were legally allowed by her and by the probate judge while she was thus

qualified to act as a representative of the estate, the approval of the claims would remain valid and binding, notwithstanding the fact that her letters were subsequently revoked under section 450 of the Probate Code.

We are of the opinion that the probate court had jurisdiction to appoint Margaret Buckmaster as administratrix of the estate of Manuel Silva; that the claims of the judgment creditors were duly allowed by her and by the probate judge while she was qualified to act as administratrix, and that the approval of those claims is valid. . The court therefore properly denied the widow's motion to rescind and disallow the claims.

There can be no doubt that the judgment upon which the claim of Indemnity Insurance Company was allowed was not barred by the statute of limitations. The five-year limitation with respect to judgments under section 336 of the Code of Civil Procedure had not expired when that claim was presented and approved. ■ The judgment was rendered April 15, 1942. It was duly approved, first by Margaret Buckmaster, while she was the qualified administratrix of the estate, and also by the probate judge on December 2, 1946. The approval of the claim did not constitute a new judgment. It merely recognized the claim as a valid debt which "shall be ranked among the acknowledged debts of the estate, to be paid in due course of administration." (Prob. Code, § 713; *Saunders* v. *Simms*, 183 Cal. 167, 170 [190 P. 806]; *Murphy* v. *Davids*, 55 Cal.App. 416, 422 [203 P. 802]; *Pacific Gas & Elec. Co.* v. *Elks Duck Club*, 39 Cal.App.2d 562 [103 P.2d 1030].)

■ Personal notice to the heirs of a decedent, of the presentation and allowance of claims against the estate, is not required. The claims were presented and allowed pursuant to the provisions of section 711 of the Probate Code. When a claim is presented to the judge for his allowance or approval, he may, *in his discretion*, examine the claimant and others on oath, and hear any legal evidence touching the validity of the claim. (Prob. Code, § 708.) But the code provides for no personal notice to the heirs of the presentation or allowance of claims.

■ The proper acts of an administratrix, including her approval of claims while she is so qualified, are valid and binding, notwithstanding the fact that her letters may thereafter be revoked under section 450 of the Probate Code. In

this case Margaret Buckmaster was nominated by the judgment creditors under section 423 of the Probate Code. Since the heirs made no effort to probate the estate of Manuel Silva for more than four years after his death, the creditors were entitled to petition for letters under section 422 of that code, and having that right they were entitled to nominate an administratrix. ▮ She served personal notice of her application on the surviving widow of the deceased, and upon some of the other heirs. But they were not all given personal notice of the application. Her petition conformed with the provisions of section 440 of the Probate Code, by giving the names and addresses of the heirs, "so far as known to the applicant." There was no fraud in that application. It was the only method the judgment creditors had of presenting their claims to the estate. Section 440 provides "No defect of form in the statement of jurisdictional facts actually existing shall make void an order appointing an administrator or any of the subsequent proceedings." The clerk posted notices of the application as required by section 441 of that code. That conferred jurisdiction on the probate court. No appeal was taken from the order appointing the administratrix, notwithstanding the fact that some of the heirs had personal notice of the application. Section 302 of the Probate Code provides that:

"In the absence of fraud in its procurement, an order of the superior court granting letters, when it becomes final, *is a conclusive determination of the jurisdiction of the court* (except when based upon the erroneous assumption of death), and cannot be collaterally attacked." (Italics added.)

We therefore conclude that the appointment of Margaret Buckmaster, and the approval of the judgment creditors' claims, were valid and binding. ▮ It is immaterial that her letters were subsequently revoked under section 450 of the Probate Code. Those letters were automatically revoked under that section upon the mere application of the son of the deceased. No fraud in procuring the letters was charged or found to have existed by the court. That section reads:

"When letters of administration have been granted to any person other than the surviving spouse, child, grandchild, parent, brother or sister of the intestate or the public administrator, any one of them who is competent and had a prior right to letters, or any competent person at the written request of any one of them who is competent and had

such prior right, may obtain the revocation of the letters, and be entitled to the administration, by filing a petition praying the revocation, and that letters of administration issue to him.''

 The judgment upon which the claim of George G. Prytz was presented to the estate and approved was not outlawed. The judgment was rendered against Manuel Silva June 3, 1940. He died intestate two years thereafter, on July 4, 1942. No administrator of his estate was appointed until November 12, 1946. Since the statute of limitations had not barred an action on the judgment prior to the death of Manuel Silva, the time to commence suit was extended by his death for one year after letters of administration were issued in his estate. (Code Civ. Proc., § 353; *Schwartz* v. *Edmunds,* 20 Cal.App.2d 530 [67 P.2d 351]; *Pacific Gas & Elec. Co.* v. *Elks Duck Club,* 39 Cal.App.2d 562 [103 P.2d 1030]; *Casey* v. *Gibbons,* 136 Cal. 368, 372 [68 P. 1032]; *In re Bullard,* 116 Cal. 355 [48 P. 219]; *Hibernia Savings & Loan Society* v. *Herbert,* 53 Cal. 375; 11b Cal.Jur. 359, § 940.)

 We assume, in the absence of proof to the contrary, that the claims were presented in proper form. Section 732 of the Probate Code provides in part that: ''A judgment against the decedent for the recovery of money must be filed or presented in the same manner as other claims.'' The claims, as allowed by the administratrix and the probate judge are not before this court, but in support of the order refusing to rescind the approval thereof, we must presume they were presented in the form required by section 706 of the Probate Code. That section provides that such claims, if founded on a written instrument, shall have a copy of the instrument, together with the endorsements contained thereon, attached to the claim. We assume that was done. The section last mentioned specifically states that the original instrument need not be attached to the claim, and that the original instrument must be exhibited to the executor or judge, only ''upon demand.'' When a claim has been allowed by the administratrix and the judge, and filed in the estate, the presumption is that sufficient evidence of the existence of an unpaid judgment was first presented. (*Estate of Crosby,* 55 Cal. 574.) It is said in that regard, at page 579 of the last cited case, that:

''It was the duty of the Judge to require proper and sufficient evidence of the existence of the judgment, *and it must*

*be presumed that he did.* [Italics ours.] If he had erred by allowing the claim upon insufficient evidence, this would not have deprived his *allowance* of its *prima facie* quality as evidence of the validity of the claim.''

The petitioner assumes that because Margaret Buckmaster was nominated as administratrix, and that she was a secretary in the office of her attorneys, Darrah & Ellis, she was disqualified from allowing the claims. We think not. In support of that contention, section 703 of the Probate Code is cited. That section merely provides in part that:

''If the executor or administrator *is a creditor of the decedent,* he shall file his claim with the clerk, who must present it for allowance or rejection to the judge. Its allowance by the judge is sufficient evidence of its correctness, and it must be paid as other claims in due course of administration. . . .'' (Italics added.)

That section applies only to claims of an executor or administrator who ''is a creditor of the decedent.'' Margaret Buckmaster was not a creditor of the decedent. She testified that she had no personal interest in either of the claims. She was advised by her attorneys that the claims were not barred by the statute of limitations, and that they were valid claims. It is true that if she was personally interested in the claims she would be disqualified from approving them. (*Estate of Hill,* 67 Cal. 238, 244 [7 P. 664].) But the evidence in this case is that the administratrix was not personally interested in the claims. Since the administratrix was not a creditor of the decedent, she was not required to first file them with the clerk. Moreover, the claims were presented to the judge, and he duly approved and allowed them. We are cited to no authority which holds that an executor or administrator must file claims with the clerk, to be by him presented to the judge for his approval, except when the executor or administrator is a creditor of the decedent.

We conclude that the claim of George G. Prytz was not outlawed at the time it was approved and filed in the estate. The judgment upon which it was founded was rendered June 3, 1940. No portion of the debt was paid. Silva deeded the property to his wife, as a gift, September 22, 1941. The judgment debtor died July 4, 1942. The judgment became dormant upon the death of the judgment debtor. (49 C.J.S. 989, § 532f.) Prytz had a valid action against the judgment debtor, either to renew his judgment before the

statute of limitations expired, or to set aside the deed on the ground that it was executed to defraud creditors. Under such circumstances, section 353 of the Code of Civil Procedure extended the time to commence those actions for one year after the issuance of letters of administration. That section provides in part:

". . . If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survive [his death], an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

No administration of the estate of Manuel Silva occurred until Margaret Buckmaster was appointed, at the request of the judgment creditors, on November 12, 1946. The filing of the claims was a necessary prerequisite to the maintenance of the actions. Unless the judgment creditors are entitled to the remedies provided by either section 685 or section 353 of the Code of Civil Procedure, the heirs of the deceased debtor could defeat valid judgments by refraining from probating his estate until after five years from the rendering thereof. We may assume that is exactly what the heirs attempted to do in the present case.

The case of *Quivey* v. *Hall*, 19 Cal. 97, decides the chief issue of this case adversely to this petitioner. It is there held, under section 141 of the Probate Act, then in effect, which is practically the same as the present section 732 of the Probate Code, that the statute of limitations does not expire for maintaining a suit based on a judgment rendered against the debtor who thereafter dies, until an administrator of his estate is appointed and notice to creditors has been published according to law. As we have previously held, the judgment becomes dormant in the meantime, and the statute of limitations for commencing the action does not expire, under section 353 of the Code of Civil Procedure, until "one year after the issuing of letters testamentary or of administration." That case holds that the action on the judgment could not be maintained after the death of the judgment debtor until the claim was first presented to his estate and either rejected or allowed, and that the judgment was a proper claim against the estate. The only distinction between that case and this one is that the claim was there rejected, while in the present action it was properly allowed. But the court

definitely held, in the Quivey case, upon facts exactly like this one, that the statute of limitations had not expired, and that suit on the rejected claim was properly maintained. The court said, ''The statute substituted the presentation of the claim for suit, allowing the administrator to acknowledge it and place it on the list of recognized debts of the estate.'' That case is conclusive of that issue.

The cases cited and relied upon by this petitioner are not in point. They differ from this action upon the facts involved. In those cases the statute of limitations had either expired before the death of the judgment debtors, or the claims were not presented and filed in their estates within the time allowed by the statute.

It is conceded the judgment creditors might have proceeded to enforce execution of their judgments after the lapse of five years from the entry thereof, ''by leave of the court,'' pursuant to section 685. The creditors did not proceed under that section. The petitioner contends that is the only method of enforcing the judgments after the lapse of five years from the entry thereof. We think not. The judgment creditors were entitled to proceed under the method provided by section 353 of the Code of Civil Procedure by presenting their claims to the estate of the deceased debtor within the time allowed by law, which they did. The statute of limitations expired. The judgments became dormant upon the death of the judgment debtor. The statute of limitations ceased to run after the death of the debtor until letters of administration were issued in his estate on November 12, 1946. The judgments were then revived, and the judgment creditors were granted, by section 353 of the Code of Civil Procedure, one year after the issuing of letters of administration on the estate of the deceased debtor, within which to commence their suits. They could not commence those actions to bind the estate to pay the judgments without first presenting claims therefor.

The judgment creditors were not required to proceed under section 685 of the Code of Civil Procedure for consent of the court which rendered the judgments as a prerequisite to the enforcement of the judgments. They were entitled to present their claims to the estate, under the circumstances of this case, within one year after letters of administration were issued. The allowance of claims in the estate of the judgment debtor is an alternative method ''substituted by law in

place of enforcement by writ of execution.'' (*Saunders* v. *Simms, supra; Murphy* v. *Davids,* 55 Cal.App. 416, 422 [203 P. 802] ; *Pacific Gas & Elec. Co.* v. *Elks Duck Club, supra;* Prob. Code, § 713.)

In the Elks Duck Club case, *supra,* it was held that it was not necessary for a judgment creditor to first procure leave from the court under section 685 of the Code of Civil Procedure to enforce a judgment after five years had elapsed since its rendition. In that case judgment was rendered against Banta, one of the defendants, more than five years prior to the granting of letters of administration on his estate. After rendition of the judgment, Banta died intestate December 18, 1938. On January 12, 1939, letters of administration were issued to Dorothy Banta. Notice to creditors was duly published. Within the time allowed therein The Pacific Gas and Electric Company ''filed its claim based on the said judgment . . . without the judgment creditor obtaining permission [under section 685, Code Civ. Proc., or at all] to file the same from the Court in which the judgment was rendered or from any Court.'' The time for filing claims expired July 13, 1939. Some three months later the judgment creditor applied to the Superior Court of the City and County of San Francisco, which rendered the judgment, for leave to prosecute an action upon its claim based on that judgment, which was granted. From that order the appeal was perfected. The appellant contended that the order was invalid because the claim had been prematurely filed before leave had been granted under section 685 of the Code of Civil Procedure. The appellate court held otherwise and affirmed the order. It said that:

''The judgment upon which the proceedings are founded was not barred by the statute of limitations found in section 336 of the Code of Civil Procedure. [Citing authorities.] . . . *The statutes do not require permission of the court to file a claim against the estate upon a judgment against the testator or intestate.* A claim which is not barred by the statute of limitations is not required to be rejected by the executor or administrator. Hence, *since the judgment is not barred, the claimant was privileged to file the claim within the statutory period and have it approved or rejected without first resorting to the superior court for leave to file.*'' (Italics added.)

After quoting from the last paragraph in 11a California

Jurisprudence, section 508, at page 717, the statement that an outlawed judgment may be enforced by execution after the lapse of five years, by procuring leave of court under section 685 of the Code of Civil Procedure, and thus bind the estate of the deceased debtor by subsequently filing the claim in that estate, the court further said in that regard:

"Such a case *is an exception authorized by statute as a substitute for the execution authorized by section. 685 of the Code of Civil Procedure.*" (Italics added.)

The court then concluded:

"We cannot read either of these cases [*Saunders* v. *Simms,* and *Faias* v. *Superior Court,* 133 Cal.App. 525 (24 P.2d 567)] as holding that a claim presented to the estate before permission to enforce the judgment is granted is a premature claim and therefore unenforceable. . . . Upon principle and reason we are in full accord with the conclusion of that court reading: '. . . it is not material that the order permitting the enforcement of the judgment against the estate was obtained subsequent to the presentation of the claim to the administrator.' "

The preceding case definitely holds that it is not necessary to obtain leave of court under section 685 of the Code of Civil Procedure to enforce a judgment after five years have elapsed before a claim based thereon may be lawfully presented and filed in the estate of the deceased judgment debtor. The case from which we have last quoted is in accord with *Saunders* v. *Simms, supra,* and *Murphy* v. *Davids, supra,* in the first of which it was said that a judgment rendered against an administrator " 'upon any claim for money against the estate,' only establishes the claim in the same manner as if it had been allowed by the executor or administrator and a judge, . . . . This is the method for enforcing a judgment after the death of a judgment debtor *substituted by law in place of enforcement by writ of execution. It is the same procedure that would have been required after the death of the judgment debtor if the statute of limitations had not run on the demand.*" (Italics added.)

We conclude that the claims of the judgment creditors were properly allowed and filed in the estate of Manuel Silva, deceased, and that the court properly refused to subsequently disallow or reject the claims for failure to first secure leave of court under section 685 of the Code of Civil Procedure or otherwise.

█ We are not concerned on this appeal with the merits of the suit to set aside the gift deed from the decedent to his wife on the ground of fraud. If that suit is prosecuted it must be determined on its own merits. The allowance of those claims was a mere acknowledgment of the debt of the estate. (*Estate of Naegely*, 31 Cal.App.2d 470, 475 [88 P.2d 715]; *Estate of Bell*, 168 Cal. 253, 259 [141 P. 1179]; 11a Cal.Jur. 807, § 574.) The allowance or rejection of a claim against an estate for an antecedent debt of the decedent is merely a necessary prerequisite to the maintenance of suit thereon.

█ Clearly it was the duty of the administratrix of the estate of Manuel Silva, deceased, under section 579 of the Probate Code, since there was a deficiency of assets in her hands with which to pay the claims of the judgment creditors, to institute an action for the benefit of the creditors to set aside the gift deed from the deceased to his wife, if there was reason to believe that it was executed to defraud creditors. That section provides:

"If the decedent, in his lifetime, conveyed any real or personal property, or any right or interest therein, with intent to defraud his creditors, or to avoid any obligation due another, or made a conveyance that by law is void as against creditors, or made a gift of property in view of death, and there is a deficiency of assets in the hands of the executor or administrator, the latter, on application of any creditor, must commence and prosecute to final judgment an action for the recovery of the same for the benefit of the creditors."

█ The foregoing section does not preclude the defrauded creditor from maintaining an action in his own name to set aside the deed executed by the decedent to defraud creditors. (11b Cal.Jur. 408, § 979.) But it is an enabling act authorizing the executor or administrator to sue under the specified circumstances. The representative of the estate may elect to bring the suit under proper circumstances, and when requested to do so by the creditor, who has made provision for the costs of litigation, it is his imperative duty to prosecute the action. (11b Cal.Jur. 405, § 977, and cases cited; 33 C.J.S. 1077, § 124.) The application of the preceding quoted section depends upon the existence of a defrauded creditor of the deceased, and the insufficiency of the assets of the estate to meet the demands. (11b Cal.Jur. 404, §§ 975, 976.). Preliminarily to the maintenance of such an action, the claim upon which it is based must first be presented and

allowed or rejected. (*Scholle* v. *Finnell*, 166 Cal. 546, 552 [137 P. 241]; *Liuzza* v. *Bell*, 40 Cal.App.2d 417, 430 [104 P.2d 1095].) We conclude that the administratrix was a proper party to maintain the action to set aside the deed, under the circumstances of this case. But, as we have said, we are not here concerned with the merits of that case.

The order denying the motion to rescind the approval of the claims of the judgment creditors is affirmed.

Adams, P. J., and Peek, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 1, 1948. Schauer, J., voted for a hearing.