[Civ. No. 13643. First Dist., Div. Two. Oct. 14, 1948.]

GEORGE G. PRYTZ, Respondent, v. ASSOCIATED FARMS, INC. et al., Defendants; CONRAD SILVA, as Administrator, etc., et al., Appellants.

Lafayette J. Smallpage and Harold J. Willis for Appellants.

Crozier C. Culp and Marvin Sherwin for Respondent.

DOOLING, J.—This appeal involves the enforcement of the same judgment entered in favor of Prytz against Silva which was before the District Court of Appeal, Third Appellate Dis-

trict, in *Silva* v. *Superior Court*, 83 Cal.App.2d 521 [189 P.2d 314]. A money judgment was entered on June 3, 1940, in favor of Prytz and against Silva and others. On July 4, 1942, Silva died. No proceedings to probate the decedent Silva's estate were commenced until November, 1946, when on petition of certain creditors of Silva, Margaret Buckmaster was appointed administratrix of his estate. Respondent, within the time required by law, filed a creditor's claim based on the aforesaid judgment which was approved by the administratrix. Thereafter on May 26, 1947, respondent filed in the Superior Court of Alameda County, in which his judgment had been secured, a notice of motion for an order granting him leave to enforce his judgment against the estate of Silva. This motion was granted on July 1, 1947, and it is from the order granting this motion that this appeal is taken.

Section 685, Code of Civil Procedure, under which the motion was made, provides in its first paragraph:

"In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion."

It appeared from the affidavit in support of the motion that Silva had died on July 4, 1942, and that no personal representative of his estate had been appointed until the appointment of Margaret Buckmaster as administratrix on November 14, 1946. These facts sufficiently support the order appealed from as may be gathered from the opinion of the court in *Silva* v. *Superior Court, supra,* 83 Cal.App.2d 521. The court in that case said at page 527:

"The judgment upon which the claim of George G. Prytz was presented to the estate and approved was not outlawed. The judgment was rendered against Manuel Silva June 3, 1940. He died intestate two years thereafter, on July 4, 1942. No administrator of his estate was appointed until November 12, 1946. Since the statute of limitations had not barred an action on the judgment prior to the death of Manuel Silva, the time to commence suit was extended by his death for one year after letters of administration were issued in his estate. (Code Civ. Proc., § 353; *Schwartz* v. *Edmunds,* 20 Cal.App.2d

530 [67 P.2d 351] ; *Pacific Gas & Elec. Co.* v. *Elks Duck Club,* 39 Cal.App.2d 562 [103 P.2d 1030] ; *Casey* v. *Gibbons,* 136 Cal. 368, 372 [68 P. 1032] ; *In re Bullard,* 116 Cal. 355 [48 P. 219] ; *Hibernia Savings & Loan Society* v. *Herbert,* 53 Cal. 375; 11b Cal.Jur. 359, § 940.) ''

The fact, as noted by that court in the passage just quoted, that the judgment of Prytz was not outlawed and the time to commence suit thereon was extended by Silva's death ''for one year after letters of administration were issued in his estate,'' sufficiently set forth ''the reasons for failure to proceed in compliance with the provisions of section 681 of this code'' as required to support such motion by Code of Civil Procedure, section 685.

Section 681, Code of Civil Procedure, provides for the issuance of execution upon any judgment ''within five years after the entry thereof'' and then provides further that if ''the issuing of execution thereon is stayed . . . by operation of law, the time during which it is so stayed . . . must be excluded from the computation of the five years within which execution may issue.''

Upon the death of Silva in 1942 it was impossible ''by operation of law'' to have execution issued on the judgment against him. The only legal method of enforcing the judgment against his estate thereafter was pursuant to the provisions of the Probate Code by the filing of a claim and if it was rejected by suit thereon. No burden was placed on the judgment creditor to procure the appointment of an administrator of Silva's estate. On the contrary section 353, Code of Civil Procedure, referred to by the court in the passage quoted from *Silva* v. *Superior Court, supra,* tolled the running of the statute of limitations on respondent's judgment by making it continue to be enforceable ''within one year after the issuing of letters testamentary or of administration.'' The motion was made within this one-year period and was therefore properly granted. As the court said in *Silva* v. *Superior Court, supra,* 83 Cal.App.2d at page 529 :

''Unless the judgment creditors are entitled to the remedies provided by either section 685 or section 353 of the Code of Civil Procedure, the heirs of the deceased debtor could defeat valid judgments by refraining from probating his estate until after five years from the rendering thereof.''

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.